244 N.J. Super. 499 (1990)
582 A.2d 1268
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
PHILIP FAUNCE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 5, 1990.
Decided November 28, 1990.
*500 Before Judges J.H. COLEMAN and DREIER.
Betsy Phillips, Assistant Prosecutor, argued the cause for appellant (Jeffrey S. Blitz, Prosecutor Atlantic County, attorney; Betsy Phillips, of counsel and on the brief).
Barbara L. Bakley argued the cause for respondent (Joseph J. Rodgers, attorney; Joseph J. Rodgers, on the brief).
The opinion of the court was delivered by DREIER, J.A.D.
The State has appealed from a provision of the judgment of conviction after defendant pled guilty to death by auto. In the plea agreement the judge indicated he would impose a three to four month County Jail sentence as a condition of probation, with the remaining portion of the sentence suspended.[1] In an *501 earlier proceeding, the court declined to follow a plea bargain of nine months of community service, without any incarceration. At the end of defendant's final sentencing proceeding, and without any notice or request at the earlier plea proceeding, defense counsel successfully requested that the plea be accepted without it being evidential in a civil case. Such a provision is specifically permitted by N.J.S.A. 2C:11-5c:
For good cause shown, the court may, in accepting a plea of guilty under this section, order that such plea not be evidential in any civil proceeding.
And see R. 3:9-2. The State appealed solely from this portion of the judgment of conviction.
The issues in this appeal are whether the State may properly appeal from this addendum, and, if so, whether the non-evidential provision should have been added to the judgment of conviction. The first question really is: Where there are no double jeopardy considerations, if the State cannot appeal, who can? The potential plaintiff was not a party. The statute provides that the non-evidential provision implementing N.J.S.A. 2C:11-5c can be added only "[f]or good cause shown," and there could be no review of this determination if the State cannot appeal.
The broad right of appeal from the Law Division to the Appellate Division is a constitutional right. N.J. Const. (1947), Art. VI, § V, para. 2. It is also recognized by R. 2:2-3(a)(1). The extensive general power of sentencing oversight vested in the Appellate Division is also analyzed by Judge Conford in State v. Sheppard, 125 N.J. Super. at 336-339, 310 A.2d 731. The State has a common-law right to appeal, except where it is barred by double jeopardy considerations; it may not exact multiple punishments for the same offense. See State v. Sanders, 107 N.J. 609, 618-619, 527 A.2d 442 (1987) (upholding the constitutionality of the State's right to appeal in *502 N.J.S.A. 2C:44-1f(2)). As noted by the Court in Sanders, a defendant has no expectation of finality in a sentence where the State has a right of appeal, at least until all avenues of appeal have been exhausted. 107 N.J. at 619, 527 A.2d 442. Where a civil consequence of a judgment is the only issue, there is no criminal double jeopardy issue, and thus no reasonable expectation of finality. This issue is therefore properly before us; we have jurisdiction to review the trial judge's action.
As the issue is properly before us, we must remand the matter to the Law Division for the trial judge to consider what "good cause" was shown to make the evidence of defendant's guilty plea to death by auto civilly non-evidential.[2] Fairness dictates that notice should be afforded before a defendant may seek the benefits of the "non-evidential" provision of the statute. Without giving such notice, defendant had no reasonable expectation that the provision would be free from challenge.
Under the Criminal Code, the victim, or nearest relative of a homicide victim, has a right on 20 days' notice to make a statement to be included in the pre-sentence investigation report. N.J.S.A. 2C:44-6b. Cf. the "Crime Victim's Bill of Rights," N.J.S.A. 52:4B-34 et seq., in which the victim is to be "advised of case progress." N.J.S.A. 52:4B-36k. And cf. N.J.S.A. 39:5-52a(2), under which a motor vehicle accident victim (or family in the event of a death) may request notice of any plea agreement. Here, at the time the initial decision was made, the defense had not given the State notice that the application for a non-evidential order would be made. The State, therefore, could not contact the victim's family and *503 determine its wishes, even though the request directly affected them. These statutory protections would be meaningless in a death-by-auto case unless due notice is given of a request to have the guilty plea made civilly non-evidential.
While the State is not bound by the family's instructions, the State is the sole party that can secure a statement from or the presence of the victim's family. Thus the State must have adequate notice of a defendant's intention to request this action. As there is now ample time for notice on remand, these procedural defects can be corrected. Once the matter is properly before the trial judge, he should determine whether there is good cause to add the disputed provision. The trial judge should also consider whether this provision was a material element of the plea, justifying a withdrawal of the plea, if defendant requests such consideration.
The portion of the judgment relating to the non-evidential effect of the guilty plea is stricken, and the matter is remanded for reconsideration of defendant's application to have his guilty plea accepted without its being civilly admissible.
Reversed and remanded for reconsideration.
NOTES
[1] Under the current law the sentence is illegal, see State v. Pineda, 119 N.J. 621, 625, 575 A.2d 855 (1990), since it provided for a split sentence between incarceration and community service. The State, however, did not appeal this aspect of the sentence, nor has it requested that we remand for the correction of this error. Cf. State v. Kirk, 243 N.J. Super. 636, 581 A.2d 115 (App.Div. 1990); State v. Sheppard, 125 N.J. Super. 332, 336, 310 A.2d 731 (1973), certif. den. 64 N.J. 318, 315 A.2d 407 (1973). Since only the evidential issue is before us on appeal, we will not exercise our extended power to review sentences set forth in N.J.S.A. 2C:44-7 and do not remand this matter on our own motion to reconsider the entire sentence.
[2] We contrast the statutory language of N.J.S.A. 2C:11-5c and R. 3:9-2 with the text of R. 7:4-2(b), applicable in the municipal courts. In the municipal courts the judge may enter the non-evidential provision "[u]pon the request of the defendant." In a usual traffic matter unless there has been a written request by a victim (or family) for notice of the plea or other aspect of the proceedings, the court may enter the non-evidential provisions without victim input. N.J.S.A. 39:5-52a.