267 N.J. Super. 411 (1993)
631 A.2d 986
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN LARESCA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 21, 1993.
Decided October 13, 1993.
*413 Thomas M. Mulcahy argued the cause for appellant (Purcell, Ries, Shannon, Mulcahy & O'Neill, attorneys; Mr. Mulcahy and Pamela J. Minetto, on the brief).
Karimu F. Hill-Harvey argued the cause for respondent minor child (Ms. Hill-Harvey, on the brief).
No brief was filed on behalf of respondent State of New Jersey.
Before PRESSLER, DREIER and BROCHIN, JJ.
The opinion of the court was delivered by DREIER, J.A.D.
Defendant appeals from a Law Division order affirming two decisions of the Irvington Municipal Court: the first denying his motion for an order that his guilty plea not be admissible in a civil matter, and the second refusing to reopen defendant's careless driving conviction based upon his guilty plea. We find that both decisions were dependent upon factual determinations which should not have been made without an evidential hearing, and therefore we remand this matter with directions to the trial court.
On April 30, 1991, defendant was involved in a motor vehicle accident in Irvington. He was issued a summons, signed by an Irvington police officer, for careless driving. N.J.S.A. 39:4-97. A week later defendant received seven additional summonses issued on the complaint of Karimu Harvey, Esq. who had been retained *414 to represent a minor severely injured in the accident. Ms. Harvey thereafter requested that the summonses be reviewed by the Essex County Prosecutor's Office under its policy of scrutinizing accidents involving death or serious injury. In November 1991 the summonses were returned to the Irvington Municipal Court, and in December, counsel received notice of the first hearing, which was scheduled for January 23, 1992. At defendant's request, the municipal court adjourned the hearing and rescheduled the matter for a February 13, 1992 "conference." Defendant's attorney informed Ms. Harvey of the conference by two letters in January.
On February 6, 1992, a week before the conference, Ms. Harvey informed defense counsel, the municipal prosecutor and municipal court that she intended to "prosecute the traffic offenses charged against" defendant.[1] The letter further informed all parties that Ms. Harvey could not attend the conference due to a prior commitment and requested that the trial judge set the matter down for trial on one of several available dates listed therein.
On February 11, 1992, defendant's attorney checked with the Irvington Municipal Court clerk concerning the status of the February 13 conference. He was informed that a "trial" was scheduled for the 13th and that the defendant should appear and be ready to proceed. Apparently, Ms. Harvey had not been informed that her request for an adjournment had been acted upon and apparently denied, and that the matter was proceeding to trial rather than for a conference two days hence.
*415 The Irvington municipal prosecutor, the defendant and defense counsel appeared as directed before the Irvington Municipal Court on February 13, 1992. The municipal court judge requested that counsel confer while he dealt with other matters. Thereafter, counsel informed the court that defendant would plead guilty to careless driving and that the other charges would be dismissed as merged with the careless driving charge. The judge agreed. Defense counsel then immediately requested that the plea of guilty not be admissible in a subsequent civil proceeding. According to his certification, defense counsel had already agreed with the municipal prosecutor concerning the non-evidential nature of the plea. The record shows the following:
THE COURT: Just for the record, this case has been before the Court at least on two other occasions. There was an accident, an individual was injured seriously. I have talked to all of the attorneys involved in the case and it's my understanding that the person is not dead, it wasn't fatal, but was injured. I have no problems with the careless driving plea based on that. The status of the injury has been determined. A plea of guilty to careless driving is accepted.
[DEFENDANT'S ATTORNEY]: Your Honor, I make one other request that pursuant to the Municipal Court Rule, whose number escapes me at the moment, I would like the plea of guilty not to be used at a subsequent civil proceeding which I anticipate will be filed as a result of the personal injury that did occur as a result of the accident.
THE COURT: [Mr. Prosecutor?]
[THE PROSECUTOR]: No objection to a sealing.
THE COURT: You send it in on a motion and I'll sign it for sealing.
[DEFENDANT'S ATTORNEY]: Thank you, Your Honor.
On February 21, 1992, as instructed, defense counsel submitted a motion to have the plea entered on a non-evidential basis pursuant to R. 7:4-2(b). Ms. Harvey received notice of the disposition of the case at or about the time defense counsel forwarded his motion to seal the record of the plea. She advised the municipal court by letter that she objected to the manner of disposition of defendant's charges and requested that the "matter be opened and set down for trial." She also filed a motion for leave to appeal to the Law Division, but the Law Division adjourned any argument on the motion until after the scheduled hearing on the motion for sealing then pending in the municipal *416 court. On April 2, 1992, defense counsel and Ms. Harvey appeared before the Irvington Municipal Court.[2] After a brief discussion concerning the propriety of a motion to reopen, the matter was adjourned until May 7 to permit briefing. On the adjourned date, and after oral argument, the municipal court judge denied Ms. Harvey's motion to reopen, and also denied defendant's motion to have his plea be non-evidential in a civil proceeding. Having prevailed on this aspect of her motion, Ms. Harvey withdrew her pending appeal in the Law Division. Defense counsel then appealed, contending that either the municipal court plea should remain non-evidential in a civil proceeding or defendant should be permitted to withdraw his guilty plea and proceed to trial on the careless driving charge.
Ordinarily, the withdrawal of the plea would require that all of the pending charges be reinstated. However, the municipal court judge determined specifically that the additional complaints were duplicative of the careless driving charge, and that the additional complaints would be dismissed. Ms. Harvey's appeal from this ruling was dismissed. We need not therefore consider in detail defendant's challenge to the issuance of the seven traffic summonses by Ms. Harvey.[3] Even if the careless driving conviction is vacated, the seven private complaints would not be reinstated.
Defendant raises five arguments on this appeal.

*417 POINT I

Defendants' right to a fundamentally fair trial pursuant to the due process clause of the Fifth and Fourteenth Amendments is violated as a result of this particular interest complainant's role as private prosecutor.
(A) Defendant LaResca assigns error to the Superior Court dicta that the issue of whether or not Ms. Karimu Harvey may proceed as private prosecutor was irrelevant to the proceedings before it and not an issue on appeal.
(B) Ms. Karimu Harvey failed to obtain the proper consent of the prosecutor to proceed as a private prosecutor in this matter.
(C) Ms. Harvey's position as the private prosecutor for criminal charges she leveled against Defendant LaResca evidences a clear conflict of interest that contravenes Defendant LaResca's right to a fundamentally fair trial.
POINT II
Defendant LaResca seeks specific performance of the plea agreement entered into with the Irvington Municipal Prosecutor and consented to by the Municipal Court.
(A) Defendant assigns as error the finding by the Superior Court that the Municipal Court Judge did not affirmatively rule on the non-evidential use of Defendant LaResca's plea at the February 13, 1992 hearing.
POINT III
Defendant LaResca's guilty plea was conditioned upon approval of his request that the plea be non-evidential in any subsequent civil matter.
POINT IV
Karimu Harvey acting as counsel for [injured minor] waived any rights available pursuant to N.J.S.A. 39:5-52 by failing to appear at the Municipal Court hearing on February 13, 1992.
(A) Any obligation to contact Ms. Harvey prior to the acceptance of any plea arrangement is borne by the municipal prosecutor of the court, not Defendant LaResca.
POINT V
If this court should deny Defendant LaResca's request for specific performance of all aspects of the plea agreement, Defendant LaResca moves in the alternative to withdraw his guilty plea and requests that the matter be remanded to the Municipal Court for further proceedings.
Rather than treat defendant's points one by one, we will proceed directly with the issues that we see as dispositive. We must initially consider whether the municipal court judge could have considered both the plea agreement and the issue of the non-evidential *418 nature of the plea without notice to the alleged victim's attorney that the February 13, 1992 proceeding was in fact a dispositional hearing. We must then review the factual determinations made by the trial judges. The municipal court and Law Division judges had to decide whether defendant's request through his counsel that the plea be non-evidential was either (a) part of the plea agreement between defense counsel and the prosecutor, or (b) understood by defendant to be a material part of his plea.[4] Lastly, even if the plea agreement did not contain the non-evidential condition, and the condition was not understood by defendant to be a part of his plea, the municipal court judge had to determine whether to grant defendant's request under the liberal standard of R. 7:4-2(b), described in State v. Faunce, 244 N.J. Super. 499, 502, n. 2, 582 A.2d 1268 (App.Div. 1990).

A.
Treating the first question, we find it clear that Ms. Harvey should have been notified of the change of the hearing from a conference date to a trial date. Under N.J.S.A. 39:5-52a(2) she was entitled to such notice. She was also entitled to consult with the prosecutor before a plea negotiation. N.J.S.A. 39:5-52b. The municipal judge at least should have ruled upon her request for an adjournment and should not merely have proceeded without her presence. But, even though the proceeding may have been in violation of the statute, we are not persuaded that the court was without subject-matter jurisdiction. See N.J.S.A. 39:5-52c. Certainly, if defendant had been acquitted of *419 all charges after a trial on February 13, 1992, he could not have again been placed in jeopardy merely because the victim's counsel had not been properly notified of the nature of the proceeding. The fact that he was convicted, albeit on a guilty plea, does not change the court's power to act. While the victim or his representative is an interested party with the right to be heard, the proceeding is a quasi-criminal matter between the State and the defendant.
Ms. Harvey had a statutory right as attorney for a party in interest to be heard in the municipal court on the remaining issue of the non-evidential status of the plea, and on defendant's appeals to the Law Division and to the Appellate Division. Although only Ms. Harvey has responded, the State also had a right to be heard by us, but has explicitly waived this right by letter.

B.
Defendant had a right to an evidential hearing on the contested issues. Defendant's attorney filed a certification that an element of the plea negotiations had included defendant's request for a non-evidential determination to which the prosecutor stated that he had no objection. The plea was allegedly conditioned on this agreement. Notwithstanding this unimpeached certification, the municipal court and Law Division judges determined that the non-evidential feature was not a part of the plea. If the municipal court judge found some contrary evidence in the certifications, he should have scheduled a plenary hearing before he determined that the municipal prosecutor and defense counsel had not included the non-evidential feature as a part of the plea agreement. If they had so agreed, but the judge determined that he could not accept this feature (and had not intended by his comments at the hearing to have actually ruled favorably on the application), he should have then informed defendant of his right to withdraw his plea. R. 7:4-8(h).
Even if the municipal court judge found that the non-evidential feature was independent of the guilty plea in the *420 discussions between the prosecutor and defense counsel, he should have then proceeded to the next issue: whether defendant's acceptance of the plea agreement was conditioned upon the inclusion of the term. This latter issue focuses not on the prosecutor's agreement with defense counsel, but defendant's understanding and intent. A defendant must be adequately apprised of the consequences of the plea agreement. If he understood that the non-evidential term was part of the agreement (and the presentation to the court certainly did not disabuse him of this assumption), he had the right to withdraw his plea. See State v. Howard, 110 N.J. 113, 122, 539 A.2d 1203 (1988); State v. Kovack 91 N.J. 476, 484, 453 A.2d 521 (1982).
The rejection of defendant's position by both the municipal judge and the Law Division judge in the face of the unimpeached certification of defense counsel concerning what had transpired in the negotiations is premature. Adverse credibility findings cannot be made from this uncontroverted record that supports defendant's position. Defendant is entitled to a hearing before the municipal court.[5]
The attorneys for the State, the victim and defendant all have a right to be heard at such a hearing. Cf. State v. Faunce, supra, 244 N.J. Super. at 502-503, 582 A.2d 1268. The issues are (a) whether there had been an agreement to that effect at the February 13, 1992 hearing or (b) whether defendant understood this element to be a condition of his plea.
Only if both questions are answered in the negative does the trial judge proceed to the final question. Should the plea be entered on the condition of non-admissibility? While the judge has already determined the question, it is unclear whether he applied the liberal standard contemplated by R. 7:4-2(b). The parallel rule for pleas to offenses tried in the Superior Court *421 requires a showing of good cause before such non-evidential orders may be entered. R. 3:9-2. See also N.J.S.A. 2C:11-5c (death by auto). The municipal court rule provides for such an order "[u]pon the request of the defendant." The rule is permissive, that is, the trial judge "may" enter the order. But clearly there is a reduced standard. We note the often-informal nature of municipal court proceedings and the varied reasons why people plead guilty without intending to incur the collateral consequences of the plea: time constraints; inability to secure witnesses or not wanting to disturb them for a small matter; unease with court proceedings, etc. The non-evidential order should therefore be entered as a matter of course on the request of a defendant, unless the State or a victim who has appeared under N.J.S.A. 39:5-52a shows good cause to the court why the order should not be entered. Clearly, if the defendant's request was a condition of the plea and is rejected, the defendant should be given an opportunity to withdraw the plea.
In this case, the court on remand will only reach this issue if it finds that defendant did not condition his plea on the non-evidential order. But the judge should still consider whether the relaxed standard of R. 7:4-2(b) warrants the granting of defendant's request.
This matter is remanded to the Irvington Municipal Court for further proceedings in accordance with this opinion.
NOTES
[1] We note that an attorney may not merely notify all concerned of an intention to act as prosecutor on behalf of the State. R. 7:4-4(b) permits such private prosecution only where "the Attorney General, county or municipal court prosecutor or municipal attorney does not appear." In view of the dismissal of these complaints, we will not further review the question of Ms. Harvey's standing to prosecute the seven additional complaints privately. See State of N.J. v. Imperiale, 773 F. Supp. 747 (D.N.J. 1991) and State of N.J. v. Kinder, 701 F. Supp. 486 (D.N.J. 1988) and State v. Harris, 262 N.J. Super. 294, 301-302, 620 A.2d 1083 (Law Div. 1992). Ms. Harvey was not, as she claimed in certifications before the Law Division, the "acting prosecutor." We later treat the issue of her status as the representative of the accident victim.
[2] There was question whether the parties appeared on the basis of Ms. Harvey's letter (there was no formal motion), or on the basis of a sua sponte motion for reconsideration by the municipal court.
[3] We merely note that under State v. Gonzalez, 114 N.J. 592, 600-607, 556 A.2d 323 (1989), traffic complaints and summonses may be issued by one who is not a law enforcement officer without a hearing on probable cause. R. 7:6-1(b) permits the private filing of a traffic complaint if the summons is actually issued by a police officer, judge or clerk or deputy clerk of the municipal court. In the case before us, the deputy clerk actually issued the summonses on Ms. Harvey's complaint. The uniform traffic complaint form does not require that the complaint be issued on personal knowledge, but only that the complainant certify, in satisfaction of the probable cause requirement, that "there are just and reasonable grounds to believe" that the defendant committed the particular offense. Ms. Harvey, therefore, had the right to sign the complaint and rely upon her ability to present trial proof of defendant's actions. As noted above, this issue is moot since the careless driving charge was found to have subsumed the seven charges in Ms. Harvey's complaints.
[4] The civil effect of such an order is obvious. A plea of guilty is an admission and is therefore admissible against a defendant in a subsequent civil proceeding. N.J.R.E. 803(b)(1). Only convictions of indictable offenses, however, are admissible against a defendant. N.J.R.E. 803(c)(22). Motor vehicle and disorderly persons offenses are excluded from this rule. See Biunno, Current N.J. Rules of Evidence, comment to N.J.R.E. 803(c)(22) (1993). Thus if the non-evidential order is withheld, and defendant cannot withdraw his plea, he will be penalized in the civil action. If he can withdraw his plea, and is then convicted, there will be no civil impact.
[5] Only a brief evidentiary hearing appears necessary. The probable witnesses in any factual hearing would be defendant, his attorney and the municipal prosecutor.