837 A.2d 373 (2003)
364 N.J. Super. 454
STATE of New Jersey, Plaintiff-Respondent,
v.
Nicolaos TSILIMIDOS, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued September 23, 2003.
Decided November 14, 2003.
*374 Robert W. Gluck argued the cause for appellant (Mandelbaum, Salsburg, Gold, Lazris, Discenza & Steinberg, attorneys; Mr. Gluck, of counsel and on the brief; Sherri Orenberg-Ruggieri, on the brief).
Simon Louis Rosenbach, Assistant Prosecutor, argued the cause for respondent State of New Jersey (Bruce J. Kaplan, Middlesex County Prosecutor, attorney; Mr. Rosenbach, of counsel and on the brief).
Mark R. Sander argued the cause for K.B.[1]
Before Judges SKILLMAN, COBURN and WELLS.
*375 The opinion of the court was delivered by WELLS, J.A.D.
The defendant, Nicholas Tsilimidos, appeals from the denial of his post-conviction motion to direct that his plea of guilt to harassment in violation of N.J.S.A. 2C:33-4 not be evidential in civil proceedings.
The factual circumstances, undisputed, are simply described. In May 2002, defendant was charged with an indictable offense, criminal sexual contact in violation of N.J.S.A. 2C:14-3b and two disorderly persons offenses, harassment in violation of N.J.S.A. 2C:33-4b and offering alcohol to a minor in violation of N.J.S.A. 2C:33-17a. The victim of these alleged offenses, K.B., was a teenage girl in the employ of the defendant.
In July 2002, the defendant initially pled not guilty, but then entered a retraxit plea of guilty to the harassment charge in accordance with a plea agreement. The other charges were dismissed. He was sentenced to pay a $100 fine immediately, pay statutory costs and penalties, and ordered to submit to a psychological examination. The judge reserved the right to impose non-custodial probation, conditioned on the defendant's attendance at therapy in the event the psychological report recommended that course.
The following month, K.B. and her parents instituted a civil action against the defendant for sexual harassment in violation of the Law Against Discrimination, N.J.S.A. 10:5-1 to -49.
The sentencing proceedings resumed on September 26, 2002. Defendant was resentenced to a one-year period of probation and to pay restitution of $600, in addition to previously awarded fines and penalties. Defendant was ordered to have no contact with K.B. Defense counsel then moved defendant's application to have the judgment include a provision that it not be evidential in the pending civil case. The judge denied the motion, rejecting the defendant's argument that because he pled to a disorderly offense the Municipal Court rule should apply. The judge considered himself bound by the Superior Court rule and found the defendant had offered no reason to grant a civil reservation.
Defendant asserts on appeal that R. 7:6-2(a)(1) is applicable to the case of a petty disorderly offense and should have been applied and his application granted upon request even though the matter was heard in Superior Court. A second point urges that the dictates of "even handed" justice require a uniform standard to prevent forum shopping.
We disagree and affirm. We hold the judge was correct in declining to apply the Municipal Court rule. There is no question, as the parties recognize, that there is a significant distinction in the standard applicable to permitting a civil reservation under the respective Superior Court and Municipal Court Rules. R. 3:9-2 provides: "For good cause shown the court may, in accepting a plea of guilty, order that such plea not be evidential in any civil proceeding." In contrast, R. 7:6-2(a)(1) states: "Upon the request of the defendant, the court may, at the time of the acceptance of a guilty plea, order that the plea shall not be evidential in any civil proceeding."
Here, the judge clearly was not sitting as a municipal judge. This case began in Superior Court with an indictable offense and two non-indictable offenses. Both are cognizable in Superior Court. R. 3:1-1 provides in relevant part:
The rules in Part III govern the practice and procedure in all indictable and non-indictable proceedings in the Superior Court Law Division and, insofar as they are applicable, the practice and *376 procedure on indictable offenses in all other courts, including the municipal courts ....
On the other hand, R. 7-1 provides:
The rules in Part VII govern the practice and procedure in the municipal courts in all matters within their statutory jurisdiction, including disorderly and petty disorderly persons offenses; other non-indictable offenses not within the exclusive jurisdiction of the Superior Court ....
Because this case was not "in the municipal court," Part VII Rules simply did not apply. We recognized ten years ago in State v. LaResca, 267 N.J.Super. 411, 421, 631 A.2d 986 (App.Div.1993) that the standard applicable to a determination whether to grant a request for a civil reservation under R. 7:6-2(a)(1) is "reduced" compared to the good cause requirement of R. 3:9-2. Under the former rule, the defendant need merely request such a reservation and the order will be entered as a matter of course unless the victim or the State shows good cause not to enter the order. LaResca, supra, 267 N.J.Super. at 421, 631 A.2d 986. We reasoned that the basis for the difference was
the often-informal nature of municipal court proceedings and the varied reasons why people plead guilty without intending to incur the collateral consequences of the plea: time constraints; inability to secure witnesses or not wanting to disturb them for a small matter; unease with court proceedings, etc. [Ibid.]
Pleas in criminal or quasi-criminal proceedings are evidential in a civil case as a statement by a party under N.J.R.E. 803(b)(1). Eaton v. Eaton, 119 N.J. 628, 643-44, 575 A.2d 858 (1990). By far and away, the vast majority of civil reservation orders in municipal court are granted in cases of violations of the Motor Vehicle Code, N.J.S.A. 39:4-1 to -216, in order to avoid the consequences of the plea in a civil negligence case arising out of a motor vehicle accident. The relative ease with which such reservations are granted promotes pleas in traffic cases while at the same time protecting the interests of the motor vehicle owner and driver and the insurance carriers in the related civil case. Similarly, while the standard is properly higher in criminal cases heard in Superior Court, "good cause" may, nevertheless, be shown to grant a reservation where the civil consequences of a plea may wreak devastating financial havoc on a defendant. At the same time a reservation may eliminate an obstacle to a plea and avoid an unnecessary criminal trial. State v. Haulaway, Inc., 257 N.J.Super. 506, 508, 608 A.2d 964 (App.Div.1992); Stone v. Keyport Boro. Police Dep't., 191 N.J.Super. 554, 558, 468 A.2d 442 (App.Div.1983); State v. LaRusso, 242 N.J.Super. 376, 379-380, 576 A.2d 950 (Law Div.1990).
Rarely, if ever, do either accused or victim have a choice of forum in criminal proceedings. Systemically, the State exercises its prerogative to choose the forum, a choice dictated by considerations far more weighty than the question of whether the defendant is entitled to a civil reservation. Accordingly, a unity of standards contained in the Municipal and Superior Court rules in the matter of granting a civil reservation is unnecessary to discourage forum shopping. Furthermore, the possibility of disparate results in the rare case does not warrant the importation of Part VII rules into proceedings in the Superior Court in the instance of disorderly persons charges, particularly with regard to an issue so tangential to the principal issues of such cases.
We do not refer to those instances where to resolve a potential conflict of interest, for purposes of judicial efficiency and economy or for the convenience of the litigants, a Superior Court judge sits as a *377 local magistrate to dispose of a pending case. In that circumstance, the judge should recognize such differences as may exist between the Part VII Rules and those in Part III and apply the Part VII Rules governing the Municipal Courts.
For the reasons stated R.3:9-2 applied to this case and defendant failed to offer any reason sufficient to warrant the granting of his application for a "no civil use" order. Accordingly, we discern no basis to disturb the judge's order denying the same.
Affirmed.
NOTES
[1] K.B., the alleged victim of the crime of which the defendant was charged, has filed a brief on this appeal. She appeared in the trial court to speak on sentencing issues pursuant to the Crime Victim's Bill of Rights, N.J.S.A. 52:4B-34 to -38. N.J.S.A. 52:4B-36n. That enactment, however, does not extend to authorize victims' appearances as of right in the Appellate Division. Accordingly, a motion for leave to intervene and to file a brief should have been filed and was not. Because, however, K.B. is the real party in interest on the issue of whether or not to grant a civil reservation and we would have favorably considered such a motion had it been filed, we have overlooked the deficiency in this instance and considered K.B.'s brief on its merits. R. 1:1-2.