3 A.3d 591 (2010)
416 N.J. Super. 123
STATE of New Jersey, Plaintiff-Respondent,
v.
Jesse J. LACEY, Defendant-Appellant.
Docket No. A-4920-08T4
Superior Court of New Jersey, Appellate Division.
Argued (Excessive Sentencing Oral Argument Calendar) May 12, 2010.
Decided August 27, 2010.
Raquel Y. Bristol, Assistant Deputy Public Defender, argued the cause for appellant (Yvonne Smith Segars, Public Defender, attorney).
Roberta DiBiase, Assistant Prosecutor, argued the cause for respondent (Marlene Lynch Ford, Ocean County Prosecutor, attorney).
Before Judges STERN, SABATINO[1] and NEWMAN.
The opinion of the court was delivered by
STERN, P.J.A.D.
Defendant appeals from a judgment of conviction following his guilty plea to fourth degree abuse of a minor, N.J.S.A. 9:6-1 and N.J.S.A. 9:6-3 (as amended from second degree endangering, N.J.S.A. 2C:24-4(a)). The recommended sentence pursuant to the negotiated disposition was imposed, and defendant was sentenced to three years probation including the service of 364 days in the county jail as a condition of probation and to undergo anger management and counseling. Defendant slapped his girlfriend's four year old child *592 leaving "red marks" on his face, and was also ordered to have "no contact" with the victim nor the children in the victim's family except as ordered by the Division of Youth and Family Services (DYFS).
Defendant received 207 days of jail credits and has served his custodial sentence. We find no basis on which to modify the sentence. See State v. Bieniek, 200 N.J. 601, 607-08, 985 A.2d 1251 (2010).
The real issue defendant advances on this appeal is the denial of his request that the plea or his factual basis for the plea, as acknowledged at sentencing, not be admissible in any subsequent proceeding. Specifically he contends that it should not be used against him by DYFS with respect to visitation or other proceedings that are pending.[2]
Rule 3:9-2 provides in part that "[f]or good cause shown, the court may, in accepting a plea of guilty, order that such plea not be evidential in any civil proceeding." That provision has been in the Rules since the 1969 revision, but there is no commentary as to its intended scope. See R. 3:5-2 (1953); Proposed Revision of the Rules Governing the Courts of the State of New Jersey, R. 3:9-2, 211-13 (1966). The Rule governs guilty pleas entered in the Superior Court and on indictable offenses in the municipal court. See State v. Tsilimidos, 364 N.J.Super. 454, 458-60, 837 A.2d 373 (App.Div.2003); R. 3:1-1. See also State v. Haulaway, Inc., 257 N.J.Super. 506, 508, 608 A.2d 964 (App.Div.1992) (purpose of R. 3:9-2 is to avoid unnecessary trial of defendants who fear use of their plea).
Defendant is concerned that DYFS may endeavor to use the plea against him, as a statement of a party in DYFS proceedings, or by the affirmative use of collateral estoppel, in some Title 9, N.J.S.A. 9:6-8.21 to -8.73, or Title 30, N.J.S.A. 30:4C-1 to -40, action, and perhaps by others in actions before the Family Part. See generally, Eaton v. Eaton, 119 N.J. 628, 643-45, 575 A.2d 858 (1990).
As we have said in State v. Tsilimidos, supra, 364 N.J.Super. at 458-60, 837 A.2d 373, under Rule 3:9-2, the defendant has the burden to show a "reason sufficient to warrant the granting of his application." See also State v. LaResca, 267 N.J.Super. 411, 421, 631 A.2d 986 (App.Div.1993). Here, no reason was given or adequately explained to justify the relief. Moreover, we do not deem a Title 9 or Title 30 action commenced by DYFS to be a "civil proceeding" for which the rule of preclusion was intended to apply. An action commenced by DYFS is an action by the State against a parent or guardian designed to protect the best interests of the child; it is not an action for money damages or other traditional relief in a "civil proceeding." The "best interests" of a child, and the State's parens patriae obligation to protect children, simply cannot be compromised by the exclusion of the plea colloquy entered as a matter of public record in open court. Of course, the admission of the plea, when not subject to the "non-evidential" preclusion, is subject to the New Jersey Rules of Evidence.
There is no suggestion in this case that such a preclusion was part of defendant's negotiated plea, so defendant has no right to withdraw his plea. State v. LaResca, supra, 267 N.J.Super. at 421, 631 A.2d 986.
Affirmed.
NOTES
[1] Judge Sabatino did not participate in the argument but with the consent of the parties has participated in the disposition of the appeal.
[2] Defendant's girlfriend delivered their daughter after this assault. The girlfriend had three other children.