# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3596-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

M.C.,

     Defendant-Appellant.

_____

Argued telephonically May 4, 2020 –
Decided June 25, 2020

Before Judges Moynihan and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Municipal Appeal No. 19-16.

Kimberly A. Yonta, argued the cause for appellant.

Natacha Despinos-Peavey, Assistant Prosecutor, argued the cause for respondent (Michael H. Robertson, Somerset County Prosecutor, attorney; Natacha Despinos-Peavey, of counsel and on the brief).

PER CURIAM

Following her conviction in municipal court for simple assault, N.J.S.A. 2C:12-1(a)(1), defendant M.C. appealed and was found guilty by the Law Division judge after a trial de novo. She appeals from that conviction, reprising arguments related to a video recording, purporting to show the assault, that she contends her trial counsel did not receive until the day of the municipal court trial and which she never reviewed with counsel:

> POINT I
>
> [DEFENDANT'S] CONVICTION SHOULD BE REVERSED BECAUSE THE MUNICIPAL COURT ERRED BY ALLOWING THE TRIAL TO MOVE FORWARD VIOLATING [DEFENDANT'S] RIGHT TO A FAIR TRIAL.
>
> POINT II
>
> THE LAW DIVISION FAILED TO RECOGNIZE THE VIOLATION OF [DEFENDANT'S] RIGHT TO A FAIR TRIAL BASED UPON THE VIOLATION OF R. 7:7-7.
>
> > A. The Law Division failed to recognize and remedy the discovery violation.
> >
> > B. The Law Division did not properly find [defendant] guilty of simple assault because the credibility of the testimony at the trial was tainted.

We affirm.

A-3596-18T1

We review the Law Division's decision following a municipal appeal, "consider[ing] only the action of the Law Division and not that of the municipal court." State v. Oliveri, 336 N.J. Super. 244, 251 (App. Div. 2001). "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." State v. Locurto, 157 N.J. 463, 474 (1999). Rather, this court's sole function is to "'determine whether the [Law Division's de novo] findings . . . could reasonably have been reached on sufficient credible evidence present in the record,' considering the proofs as a whole." State v. Ebert, 377 N.J. Super. 1, 8 (App. Div. 2005) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)). We review the Law Division judge's legal conclusions, however, de novo. See State v. Rivera, 411 N.J. Super. 492, 497 (App. Div. 2010).

The Law Division judge considered two certifications submitted by the private prosecutor[1] and one by defendant's trial counsel. In the prosecutor's first certification, he averred he forwarded the video—showing the altercation between defendant and the father of her child as they met in a police station

---

[1] Defendant was issued a citizen's complaint. The complainant was, in fact, arrested after the altercation. His case is not before this court.

parking lot to effect a court-ordered exchange of their daughter—to trial counsel's Yahoo email account on November 21, 2018. Both the prosecutor and trial counsel agree in their certifications that on December 4, 2018, the municipal court trial date, trial counsel advised the prosecutor he did not receive the video. The prosecutor certified he re-sent it to trial counsel on the trial date, and that trial counsel "reviewed it with his client and . . . did not indicate any problem receiving the email." Trial counsel certified he "was able to view the video on his cell phone just before trial, but . . . was not able to review the video with [his] client before trial." When defendant's appellate counsel argued to the Law Division judge that defendant did not view the video with her trial counsel, the judge requested "that we get some documentation from the State" to "see whether or not [the private prosecutor] will further certify how he knew [defendant] viewed it."

In a second certification, the prosecutor said he "observed [trial counsel and defendant] at a display case outside the courtroom[,] and they appeared to be looking at his phone." In concluding "[t]he State . . . properly compl[ied] with its discovery obligations . . . under [Rule] 7:7-7," the Law Division judge credited the private prosecutor's certifications finding the prosecutor sent trial

counsel an email containing a link to the video, and twice certified that trial counsel "receiv[ed] the video and review[ed] it with [d]efendant."

It is undisputed that trial counsel sent a request for discovery on October 26, 2018. The November 21, 2018 email containing the link to the video did not timely comply with Rule 7:7-7(g), which provides "[t]he [private] prosecutor shall respond to [a defendant's] discovery request . . . within [ten] days after receiving the request."

Moreover, the certifications revealed disputes whether trial counsel received the prosecutor's first email and whether counsel reviewed the video with defendant. The Law Division judge should not have resolved contested issues of material facts on the basis of conflicting certifications. See State v. LaResca, 267 N.J. Super. 411, 419 (App. Div. 1993). When the resolution of a material issue rests on opposing certifications, a "[d]efendant ha[s] a right to an evidential hearing on the contested issue[]." Ibid. ("If the . . . judge found some [conflicting] evidence in the certifications, he should have scheduled a plenary hearing"); see also Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 25-26 (2004).[2]

---

[2] Defendant also asserts that the State violated Rule 7:7-7(b)(1) because the appellate prosecutor conceded during oral argument before the Law Division that she could not open the link to the video allegedly sent to defendant's trial attorney; as such, defendant claims the private prosecutor did not provide the

The Law Division judge should have conducted an evidentiary hearing to resolve the conflicting issues presented in the certifications.[3]

Even if the video was provided on the date of trial, we discern from the municipal court record that trial counsel, after he watched the video just prior to trial, elected to proceed without raising an objection regarding the discovery violation. We first note trial counsel made no application—indeed, no mention—of the late-provided discovery when the trial began. It was not until he was about to begin cross-examination of the complainant that he raised the issue:

---

video in a "reasonably usable form," as required by the Rule. This argument has been waived, however, because defendant did not raise it at the trial level. State v. Galicia, 210 N.J. 364, 383 (2012) ("[A]n appellate court will not consider issues, even constitutional ones, which were not raised below."). Moreover, the claim is belied by the record: Trial counsel claimed he did not receive the email containing the video link; he never claimed that he received a deficient link or had trouble viewing the video.

[3] Another issue that required a plenary hearing for resolution was raised by the private prosecutor's statements in both certifications that "[o]n November 21, 2018 [his] office forwarded a video . . . of the incident in this matter to [trial counsel] at Wieslawski@yahoo.com." (Emphasis added). "Exhibit A," attached to both of the prosecutor's certifications, contains a copy of the November 2018 email containing a link to the video which was allegedly sent to defendant's trial counsel a week before trial. Trial counsel's email, listed in the address line of the November email is spelled wieslawkrajewski@yahoo.com. (Emphasis added), lending support to trial counsel's averment that he did not receive the video until the trial date.

[TRIAL COUNSEL]: Your Honor, before I start cross-examination, I – basically, I sent a letter to [the private prosecutor] on October 26[] requesting [a] copy of the [video]. I only got black and white pictures. I never got the tape. So that's

[THE COURT]: I thought we said beforehand that you already saw the video?

[TRIAL COUNSEL]: I am sorry.

[THE COURT]: Didn't we just have a conference beforehand and it was told to me everybody saw the video[?]

[TRIAL COUNSEL]: Yes. I mean he presented the video to me today. So, he – I just saw with on his phone today. But prior to that I never had a chance to even –

[THE COURT]: But you saw the video today. Correct?

[TRIAL COUNSEL]: Yes.

[THE COURT]: Okay.

Defendant now contends the municipal court judge "did not let defense counsel finish his statement." We do not see any support for that contention in the record. Trial counsel did not request a continuance to allow more time to review the video, review the video with defendant, or garner evidence to refute the video. Nor did he seek to bar introduction of the video into evidence or any other appropriate relief. Trial counsel merely commenced cross-examination of the complainant.

7 <span>A-3596-18T1</span>

In fact, at the conclusion of that cross-examination, the State moved the video into evidence. The municipal court judge asked trial counsel if he had any objection. Trial counsel responded, "[n]o," and the video was entered into evidence as a joint exhibit. Trial counsel could have interposed an objection to the video at that time. He did not. Our review of the municipal court proceedings, both before and after the municipal appeal,[4] does not disclose any point where the municipal court judge prevented counsel—either trial counsel or appellate counsel who appeared at the resentencing proceeding—from addressing the court.

We reject defendant's argument that the municipal court judge was obligated to stop proceedings and grant a continuance to allow defendant to view the video. Rule 7:7-7(j) provides:

> If at any time during the course of the proceedings <u>it is brought to the attention of the court</u> that a party has failed to comply with this [discovery] rule or with an order issued pursuant to this rule, the court may order that party to provide the discovery of materials not previously disclosed, grant a continuance, prohibit the party from introducing in evidence the material not disclosed or enter such other order as it deems appropriate.
>
> [(Emphasis added).]

---

[4] The Law Division judge remanded the case for resentencing.

The Rule requires counsel to bring a discovery violation to the court's attention and seek relief under the Rule.  See State v. Stein, 225 N.J. 582, 586 (2016).  Once brought before the court, it can determine the best remedy, considering

> (1) whether the [violating] party . . . intended to mislead; and (2) whether the aggrieved party was surprised and would be prejudiced by the admission of [the evidence].  State v. LaBrutto, [114 N.J. 187, 205 (1989)]; see also Pressler & Verniero, Current N.J. Court Rules, [cmt. on] R. 3:13-3 (2011) ("The State's failure to comply with the requirement . . . will not preclude the [evidence] if defendant is not thereby prejudiced.").  "Prejudice" in this context refers not to the impact of the [evidence] itself, but the aggrieved party's inability to contest the [evidence] because of late notice.
>
> [State v. Wolfe, 431 N.J. Super. 356, 363 (App. Div. 2013) (fourth and sixth alterations in original) (quoting State v. Heisler, 422 N.J. Super. 399, 415 (App. Div. 2011)).]

Absent an objection, and in light of trial counsel's consent to the admission of the video as a joint exhibit, that trial strategy is not subject to review here. We do not know why trial counsel decided to proceed with the trial without a continuance and consent to the admission of the video.  The appellate prosecutor informed the Law Division judge the duration of the video was eight minutes

and forty-five seconds.[5]  Inasmuch as counsel reviewed the video before trial, he could have determined a continuance was not required to effectively defend the case without viewing it with defendant.  Further, defendant's contention that trial counsel never had an opportunity to effectively cross-examine the complainant involves facts outside the record.  Setting aside that counsel viewed the video prior to cross-examining the complainant, defendant does not point to anything in the video that would have aided cross-examination.  Nor does she indicate how a review of the video with her would have aided counsel's cross-examination.

Because the reasons for counsel's decisions lie outside the trial record, we "routinely decline to entertain ineffective-assistance-of-counsel claims on direct appeal[.]" State v. Hess, 207 N.J. 123, 145 (2011).  "[T]he record is inadequate to disclose what reasons of tactics and strategy motivated counsel" not to make any argument.  State v. Dixon, 125 N.J. 223, 261-62 (1991).  Thus, a PCR "proceeding would be the appropriate forum to evaluate the strategy of defendant's trial counsel . . . ."  State v. McDonald, 211 N.J. 4, 30 (2012).

---

[5]  The video is not part of the appellate record; nor was it part of the record considered by the Law Division.

Nevertheless, excluding the video evidence, the Law Division judge found sufficient evidence from the testimony and photographic evidence to find the State met its burden of proving the elements of simple assault beyond a reasonable doubt. We agree with the judge's findings that are supported by competent evidence.

The complainant testified the parties' daughter did not want to go with defendant, and he was trying to calm the child while twice telling defendant to "get away" because their daughter was "[v]ery scared of her. Frightened." He said defendant "just came over and just hurt us" the third time she approached. He described defendant's actions:

> Her hands were all over me. She was hitting me. It felt like I was just being attacked every which way. I was just holding on to my child and trying to run.
>
> [PROSECUTOR]: So your child was in your arms and she came over, you said her hands were all over you. You need to be specific. Her hands were touching what parts of you?
>
> [COMPLAINANT]: Right here.
>
> [PROSECUTOR]: For the record[,] you are indicating around your left elbow.
>
> [COMPLAINANT]: Yeah, right here, where she grabbed it here.
>
> [PROSECUTOR]: Okay.

11

[COMPLAINANT]:  And got away like this.

[PROSECUTOR]:  I am sorry.  You what?

[COMPLAINANT]:  She grabbed here, tried to pull my arm out of the – for the child – trying to drop my child, then dropped.

[PROSECUTOR]:  Did she then grab you again?

[COMPLAINANT]:  Yes.

[PROSECUTOR]:  And where did she grab you the second time?

[COMPLAINANT]:  I believe it was – tried to get my arms away from me.

. . . .

[PROSECUTOR]:  So you know she grabbed your left elbow and you are just not sure what else?

[COMPLAINANT]:  Yeah.  I just –

[PROSECUTOR]:  Did you suffer –

[COMPLAINANT]:  – bruises.

He also testified that he suffered pain in and bruising to his left hand, lower back pain, and "bruising – [a] red mark" to his left forearm from defendant's actions.

12

He also produced photographs of the visible bruising.[6] The Law Division judge described the injuries depicted in the photographs including the complainant's "swollen, bruised hand, injury to [his] back, and visible bruising to [his] left forearm." Defendant does not dispute these findings.[7]

Defendant testified she told the complainant that she was "going to come grab [their daughter] right now. . . . [She] let him know that clearly." She continued: "And if I had touched him, I am sorry. It was intentional. But I was trying to get my daughter into my custody . . . ." She later conceded "[i]ntentionally, [she] might have, you know, like tried to get [their daughter] so maybe [she] did touch him."

The Law Division judge, in finding defendant guilty of simple assault, concluded defendant, in an attempt to get her child "by any means necessary" instead of seeking intervention from the police in whose parking lot the exchange took place, was a "gross deviation from the standard conduct that a reasonable person would have assumed in [her] situation."

---

[6] Defendant does not dispute that the photographs were provided with pre-trial discovery.

[7] The photographs were not included in the appellate record.

A defendant commits a simple assault if she or he "purposely, knowingly or recklessly causes bodily injury to another[.]"  N.J.S.A. 2C:12-1(a)(1).  A defendant acts "recklessly" for purposes of the crime if she or he

> consciously disregards a substantial and unjustifiable risk that . . . [her or his conduct could cause bodily injury to another] or [bodily injury] will result from [her or his] conduct. The risk must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to the actor its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation. One is said to act recklessly if one acts with recklessness, with scorn for the consequences, heedlessly, foolhardily.
>
> [Model Jury Charges (Criminal), "Simple Assault (Bodily Injury) (Lesser Included Offense) (N.J.S.A. 2C:12-1(a)(1)" (rev. May 8, 2006)).]

See also N.J.S.A. 2C:2-2(b)(3).  Bodily injury has been broadly defined as "physical pain, illness or any impairment of the physical condition . . . ." N.J.S.A. 2C:11-1(a).

The Law Division judge's findings and conclusion are well-supported by the evidence.  We agree defendant's actions consciously disregarded a substantial and unjustifiable risk that her actions could cause bodily injury to the complainant.  Inasmuch as the police were readily available to assist her—they eventually separated the two and arrested the complainant—her actions

were reckless. And, the complainant's testimony and photographs of his injuries proved he suffered bodily injury.

We determine defendant's remaining arguments are without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2). We add only that her assertion that the complainant's testimony was tainted is bald. There is no evidence the complainant's testimony was based on the video. Although he referred to it at times, there is no evidence his testimony was not based on his recount of the incident. See, e.g., State v. Miller, 449 N.J. Super. 460, 470 (App. Div. 2017) (noting that a fact witness may "testif[y] as to what 'he or she perceived through one or more of the senses.'" (quoting State v. McLean, 205 N.J. 438, 460 (2011))), rev'd on other grounds, 237 N.J. 15 (2019). And, the photographs of his injuries were certainly untainted by the video.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3596-18T1