# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3195-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JUDITH BEY,

    Defendant-Appellant.

_____

Submitted April 14, 2026 – Decided April 24, 2026

Before Judges Perez Friscia and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. 24-09-1681.

Law Offices of Albert H. Wunsch, III, attorneys for appellant (Albert H. Wunsch, III, of counsel and on the briefs; Jeffrey Zajac, on the briefs).

Theodore N. Stephens II, Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Deputy Chief Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Judith Bey appeals from the May 15, 2025 trial court order denying her motion for a civil reservation pursuant to Rule 3:9-2 after she pleaded guilty to neglect of a child, N.J.S.A. 9:6-3, as a condition of entering the pretrial intervention (PTI) program, N.J.S.A. 2C:43-12. For the reasons that follow, we reverse and remand for further proceedings.

I.

On February 28, 2024, Bey was employed as a bus aide for a private bus company that transported children with disabilities. She was approximately seventy-six years of age at the time.

On the same day, Newark Police Department officers responded to the Regional Day School after receiving information that a child, J.B.,[1] who was about fifteen years of age and had a disability, was missing. After B.N., J.B.'s mother, received a phone call from the school inquiring why her son was absent, she reported he boarded the school bus at 7:15 a.m.

The school's attempts to contact Bey and the bus driver, Katherine Stephens, were unsuccessful, but they later arrived at the school with J.B. at approximately 3:20 p.m. Bey and Stephens reported they believed all of the children had exited the bus when they arrived at the school that morning.

---

[1] We use initials to protect the privacy of the victim. See R. 1:38-3(c)(9).

However, while returning to the school later in the afternoon, they discovered J.B. was still on the bus. They assumed J.B. had been lying down on a bus seat, which is why he was not seen that morning. J.B. had remained unattended on the bus the entire school day.

J.B. had no observed injuries. In a sworn statement to police, Bey acknowledged she was responsible as a bus aide for ensuring all of the children safely exited the bus and was required to sweep the bus looking for children. She admitted failing to perform an inspection on the day in question.

On September 4, 2024, a grand jury charged Bey with second-degree endangering the welfare of a child, N.J.S.A. 2C:44-4(a)(2), and fourth-degree neglect of a child, N.J.S.A. 9:6-3. On October 22, 2024, Bey applied for PTI. The State consented to the PTI program's consideration of Bey's application, which was initially denied.

The State agreed to Bey's admission into PTI on the condition that she enter a guilty plea, testify truthfully against Stephens, and maintain no contact with J.B. Further, Bey's guilty plea "w[ould] only be vacated after completion of PTI."

On January 7, 2025, Bey pleaded guilty to the charge of neglect of a child, as a condition of entering into PTI, and the State dismissed the charge of endangering the welfare of a child. She entered into PTI for a term of eighteen

3

months.

On January 23, 2025, Bey moved for a retroactive civil reservation of her guilty plea. Bey submitted a certification requesting the court consider a civil reservation because she was seventy-seven, "suffer[ed] from diabetes, high blood pressure[,] and several coronary issues," and had limited financial means. She attested to residing alone on only limited social security because she lost her job as a bus aide, and had monthly expenses for her rent, car, and "household." Bey reported having "no savings account," "stocks[,] or bonds," and that a "damages award against [her] personally would destroy [her]."

On May 15, 2025, during argument, Bey posited she demonstrated good cause for a civil reservation. Bey referenced precedential examples and argued good cause existed in her case because the entry into PTI resulted in the dismissal of the second-degree endangering charge. Moreover, she argued a civil reservation would remove the risk of the devastating financial repercussions of a civil judgment.

The State indicated it had contacted J.B.'s attorney and was advised "he would not be[] responding in any way." Further, "the State did not object to [Bey's] motion for a civil reservation."

The court issued an order accompanied by an oral decision denying Bey's motion for a civil reservation. The court noted the Rule did not compel the court

to grant the application and questioned whether hearing the application was premature, because no civil action was filed. The court was concerned with "foreclos[ing]," or "bar[ring]" J.B.'s civil claims by issuing the reservation. It was also unpersuaded by Bey's arguments regarding good cause. This appeal followed.

On appeal, Bey raises the following arguments:

> POINT I
>
> BECAUSE THERE IS NO REQUIREMENT FOR A PENDING CIVIL ACTION, THE LAW DIVISION'S DENIAL OF . . . DEFENDANT'S REQUEST FOR A CIVIL RESERVATION CONSTITUTES REVERSIBLE ERROR.
>
> A.   . . . Defendant Has Satisfied the Good Cause Standard Under Rule 3:9-2.
>
> B.   The Law Division Erred By Requiring the Filing of a Civil Law[s]uit Prior to Granting a Civil Reservation Under Rule 3:9-2.

## II.

"Whether a civil reservation is supported by good cause is a legal question subject to de novo review." State v. Lavrik, 472 N.J. Super. 192, 213 (App. Div. 2022). "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378

(1995).

Rule 3:9-2 addresses the court's ability to order a civil reservation and states, "For good cause shown the court may, in accepting a plea of guilty, order that such plea not be evidential in any civil proceeding." "The purpose of [Rule 3:9-2] is to avoid an unnecessary criminal trial of a defendant who fears that a civil claimant will later use [her] plea of guilty as a devastating admission of civil liability." State v. McIntyre-Caulfield, 455 N.J. Super. 1, 8 (App. Div. 2018) (alterations in original) (quoting Stone v. Police Dep't of Keyport, 191 N.J. Super. 554, 558 (App. Div. 1983)). That is because "guilty pleas in criminal proceedings are evidential in a related civil case as a statement by a party under N.J.R.E. 803(b)(1)." Ibid.

"The burden of establishing good cause [for a civil reservation] is on the defendant." Lavrik, 472 N.J. Super. at 213. A defendant may demonstrate good cause if he or she can establish that taking a plea with a civil reservation removes "an obstacle to a plea and avoid[s] an unnecessary criminal trial." State v. Tsilimidos, 364 N.J. Super. 454, 459 (App. Div. 2003). Further, "'good cause' may . . . be shown to grant a reservation where the civil consequences of a plea may wreak devastating financial havoc on a defendant." Ibid. When a defendant offers insufficient "reason[s] to support his [or her] request for a civil reservation[,]" the trial court may "properly den[y] the request." Maida v.

<u>Kuskin</u>, 221 N.J. 112, 125 (2015).

III.

Bey argues the court committed reversible error in finding it was premature to address her motion for a civil reservation because a civil action had not been filed. She further contends the court should have ordered the civil reservation because she satisfied the good cause standard under <u>Rule</u> 3:9-2.

We first address the court's denial of the motion as premature. We initially note that a review of the parties' merits briefs and record does not provide Bey's PTI term.[2] In <u>Lavrik</u> we determined that "[u]ntil [a] defendant completes — or is terminated from — the PTI program, his [or her] guilty plea is considered 'inactive' under the PTI statute and the applicable Attorney General guidelines." 472 N.J. Super. at 199. As a result, we determined the court's order granting a civil reservation before PTI was completed "was premature." <u>Ibid.</u> We highlighted that "[p]ursuant to N.J.S.A. 2C:43-13(b), a guilty plea entered as a condition of admission to PTI 'shall be held in an inactive status pending termination of the supervisory treatment.'" <u>Lavrik</u>, 472 N.J. Super. at 215-16. Therefore, a defendant's "guilty plea has no force or effect, unless PTI is

_____

[2] While Bey has included in her appendix the PTI order of postponement that indicates a "period of [eighteen] months," it is unsigned and there is no other reference to the PTI term actually ordered.

violated. It is neither a judgment of conviction[,] nor an adjudication" and "[i]f a defendant successfully completes the program, the charges are dismissed." Id. at 216 (quoting Attorney General, Uniform Guidelines on the Pretrial Intervention Program (March 1, 2026) (Directive 2016-2)). We ultimately held courts "should . . . delay[] consideration of [a] defendant's [civil reservation] application until the completion of his [or her] PTI term." Id. at 217. Moreover, we concluded a "defendant's inactive guilty plea . . . is non-evidential while the plea remains inactive." Ibid.

As we cannot discern Bey's term of PTI from the record, it is unclear whether Bey may have already completed PTI successfully or remains in PTI, and the possibility exists that she has been terminated from PTI. We, therefore, remand this matter for the court to address the status of Bey's PTI. If Bey has completed her PTI term, her charges are dismissed and the guilty plea "has no force or effect." See N.J.R.E. 410(a) (prohibiting the use of "a guilty plea which was later withdrawn"). If that is the case, a civil reservation is unnecessary. Similarly, if Bey is still completing PTI, the court should delay consideration of her motion until it is determined whether Bey successfully completes the program. Alternatively, the court "may enter a civil reservation order . . . if: (1) [she] is unsuccessfully terminated from the PTI program and a judgment of

conviction is entered," "and (2) [she] presents evidence supporting a good cause determination." Lavrik, 472 N.J. Super. at 218.

We emphasize that if Bey is terminated from the PTI program and proceeds to sentencing, the court must clarify when addressing the civil reservation whether the State has notified J.B.'s guardians of Bey's motion. While the State advised the court during oral argument that it had spoken with J.B.'s attorney, it is unclear from the record whether the State had also reached out to J.B.'s guardians directly regarding Bey's application and explained their right to be heard on the matter. Pursuant to the Crime Victim's Bill of Rights, N.J.S.A. 52:4B-34 to -38, the State must ensure the victim's guardians are directly informed of the application and proceedings.[3]

Lastly, we also note that Rule 3:9-2 provides that a defendant shall move for a civil reservation for "[g]ood cause shown" when the court is "accepting a plea of guilty." In this matter, it is not clear whether Bey provided notice of her motion at the time of entering her plea. The Supreme Court in Maida addressed a civil reservation in the municipal court context and specifically stated, "We

---

[3] Specifically, the Legislature has declared that victims have the right "[t]o be informed about the criminal justice process," N.J.S.A. 52:4B-36(b), and "[t]o be advised of case progress and final disposition and to confer with the prosecutor's representative so that the victim may be kept adequately informed," N.J.S.A. 52:4B-36(k). Additionally, the victim's guardians should be advised of the right to provide a statement for the court's decision. See N.J.S.A. 52:4B-36(n).

A-3195-24

expressly disapprove . . . that a civil reservation need not be requested contemporaneously with the entry of the plea."  221 N.J. at 128.  We highlight the better practice is for a defendant to formally file a motion for a civil reservation before the court at the time a plea is being "accepted," and when a defendant is ordered into the PTI program, the court is then required to delay consideration of the request for a civil reservation.

Reversed and remanded in part.  We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division