608 A.2d 964

STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v. HAULAWAY, INC. AND JOSEPH SCUGOZA,
DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued May 28, 1992—Decided June 29, 1992.

Before Judges KING, GRUCCIO and BROCHIN.

*Annmarie Cozzi,* Deputy Attorney General, argued the cause for appellant (*Robert J. Del Tufo,* Attorney General of New Jersey, attorney; *Annmarie Cozzi,* on the brief).

*Adrienne C. Rogove* argued the cause for respondents (*John J. Pribish,* attorney; *Katherine C. Lee,* on the brief).

The opinion of the court was delivered by

BROCHIN, J.A.D.

Defendants Joseph Scugoza and Haulaway, Inc. were engaged in the waste disposal industry. In a 42–count indictment, they were charged with 35 counts of fourth degree falsifying records in violation of *N.J.S.A.* 2C:21–4a, three counts of third degree theft by deception in violation of *N.J.S.A.* 2C:20–4, and one count of fourth degree theft by deception in violation of *N.J.S.A.* 2C:20–4; defendant Scugoza was also charged with one count of second degree racketeering in violation of *N.J.S.A.* 2C:41–2c, one count of conspiracy to commit racketeering in violation of *N.J.S.A.* 2C:41–2d and *N.J.S.A.* 2C:2–6, and one count of third degree misconduct by a corporate official in violation of *N.J.S.A.* 2C:21–9c.

Pursuant to a plea agreement, Haulaway, Inc. pleaded guilty to one count of third degree theft by deception and Scugoza pleaded guilty to one count of third degree misconduct by a corporate officer and one count of fourth degree falsifying records. The defendants also agreed to pay $100,000 as a forfeiture. The State agreed to dismiss all other counts against these defendants and all counts against other co-defendants who were charged in the same indictment. This plea agreement was conditioned on the execution of a settlement agreement between Haulaway, Inc., and the Board of Public Utilities, and upon the named co-defendant's agreeing not to engage in the solid waste disposal or recycling industries in New Jersey. The settlement agreement with the Board of Public Utilities also bars defendant Scugoza from engaging in the solid waste disposal business in New Jersey.

The plea agreements were executed and defendants pleaded guilty on October 18, 1990. The settlement agreement between Haulaway, Inc. and the Board of Public Utilities was executed

in June 1991. There was also a related federal conviction and a civil settlement with the federal government involving payment of a large amount of money.

On February 14, 1991, defendants moved for an order that their guilty pleas "not be evidential in any civil proceeding." *See R.* 3:9–2. The State objected, contending that it should retain the right to use the defendants' criminal convictions as part of the basis for debarring them from future participation in the highly regulated solid waste disposal industry. The Law Division orally granted the defendants' motion on July 1, 1991, and entered an order in accordance with its ruling on July 5, 1991.

The State has appealed. It argues that the defendants have not shown "good cause," as required by *R.* 3:9–2, for the entry of the no-civil-use order. We agree and therefore vacate the order of July 5, 1991.

Defendants concede that although they discussed a no-civil-use order with the Attorney General's Office, the State never agreed to such an order and its entry never became condition of their pleading guilty in accordance with their plea agreements.

In defendants' brief to the Law Division in support of their application for a no-civil-use order, they argued:

> The purpose of this provision [*i.e., R.* 3:9–2] "is to avoid an unnecessary criminal trial of a Defendant who fears that a civil claimant will later use his plea of guilty as a devastating admission of civil liability." *Stone v. Keyport Boro. Police Dep't.,* 191 *N.J.Super.* 554, 558 [468 A.2d 442] (App.Div.1983); *State v. La Russo,* 242 *N.J.Super.* 376, 379 [576 A.2d 950] (App.Div.1990).

The implication of this statement of the law, with which we agree entirely, is that "good cause" exists for a no-civil-use agreement when such an agreement is necessary to remove an obstacle to a defendant's pleading guilty to a criminal charge. That "good cause" does not exist in the present case because defendants pleaded guilty with knowledge that the State might object to a no-civil-use order and without conditioning their pleas on the entry of such an order. If there could be any

other "good cause" for a no-civil-use order, defendants have not shown that it exists in the present case.

The no-civil-use order of July 5, 1991 from which the State has appealed is therefore vacated.