SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized).

**Bruce Maida v. Michael Kuskin** (A-50-13) (073427)

**Argued November 10, 2014 -- Decided March 19, 2015**

**CUFF, P.J.A.D. (temporarily assigned), writing for a unanimous Court.**

In this appeal, the Court considers the circumstances under which a defendant can request a civil reservation. A civil reservation is a municipal court practice that permits a municipal court judge to order that a guilty plea not be used as evidence in any related civil proceeding.

On March 28, 2010, as Bruce and Marybeth Maida, and their son Christopher, were walking across a crosswalk, an SUV approached them and slowed to a near stop. The SUV suddenly accelerated and struck Bruce Maida (plaintiff). Michael Kuskin (defendant), the driver of the SUV, did not get out of his car and left the scene. The Maidas walked to their home where plaintiff's wife called the police to report the accident. Police identified defendant as the driver of the SUV and issued a summons charging him with leaving the scene of an accident resulting in injury to a person and failure to report an accident resulting in injury to a person. On May 13, 2010, defendant appeared in municipal court and pled guilty to failure to report an accident resulting in injury to a person. After the proceedings had concluded, defendant's attorney wrote a letter to the court stating, "please be advised that a plea was entered today and [I] would like to confirm that a civil reservation was placed on the plea." That same day, the municipal court entered an order providing, "the plea of guilty entered by defendant herein shall not be used or be evidential in any civil proceeding."

The Maidas subsequently filed a complaint seeking damages. They claimed that plaintiff suffered serious injuries requiring multiple surgical procedures and that his wife suffered severe and permanent emotional distress from witnessing the accident. Defendant filed an answer in which he denied that he was negligent and, in response to an interrogatory, asserted that "there was no accident." The Maidas filed a motion to strike the civil reservation that the municipal court had entered. The trial court initially denied their motion, but then reconsidered and granted the motion. The trial court opined that a civil reservation, as authorized by Rule 7:6-2(a)(1) of the Rules of Court Governing the Courts of the State of New Jersey (Rules), must be requested in open court at the time the guilty plea is entered. Finding that had not occurred in this case, the trial court permitted use of the guilty plea at trial.

In an unpublished decision, a panel of the Appellate Division reversed. The panel determined that Rule 7:6-2(a)(1) does not require that the request for a civil reservation be made in open court at the time the guilty plea is accepted. Surmising that the civil reservation was a material aspect of the guilty plea, the panel suggested that the trial judge should have permitted defendant to withdraw his plea. In addition, the panel held that a civil reservation should be granted as a matter of course any time after entry of the plea, unless there is an objection. The panel further observed that there were other reasons to exclude the guilty plea here, including: 1) the absence of a factual basis provided by defendant, 2) the prejudicial impact of a guilty plea, and 3) the absence of any probative value of the guilty plea to a central issue in this case, which was whether a motor vehicle accident occurred at all. This Court granted the Maidas' petition for certification. Maida v. Kuskin, 217 N.J. 50 (2014).

**HELD:** A request for a civil reservation in municipal court must be made in open court and contemporaneously with the court's acceptance of defendant's guilty plea. If the prosecutor or the victim demonstrates good cause, or the charge to which a defendant pleads guilty does not arise out of the same occurrence that is the subject of the civil proceeding, a civil reservation order may not be entered.

1. Defendant pled guilty to one of the more than 2 million non-DWI traffic cases filed in the municipal courts of this State in 2010. The Rules, particularly Part 7, address all facets of municipal court practice. Rule 7:6-2(a)(1) permits a municipal court judge to accept a guilty plea, but the judge may not do so without first addressing the defendant personally, determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea, and determining that there is a factual basis for the plea. If a civil complaint has been filed, or one is anticipated, the court may, on defendant's request, order that the plea not be used as evidence in

1

a civil proceeding. R. 7:6-2(a)(1). Guilty pleas that do not follow this basic structure are subject to reversal. A municipal court order indicating that the plea not be evidential in any civil proceeding is entered as a matter of course unless the prosecutor or the victim objects. If the prosecutor or victim objects to a civil reservation or non-evidential order, the objecting party must show good cause for withholding the order. (pp. 10-12)

2. State v. Haulaway, Inc., 257 N.J. Super. 506 (App. Div. 1992), provides guidance on what constitutes good cause to support entry or denial of a civil reservation. In Haulaway, defendants entered guilty pleas with knowledge that the State would object to entry of a civil reservation order. The Appellate Division determined that good cause did not exist to support the civil reservations defendants requested because they pled guilty knowing that the State might object to a no-civil-use order and without conditioning their pleas on the entry of such an order. Similarly, this Court addressed the admissibility of a guilty plea to careless driving in a subsequent civil proceeding. Eaton v. Eaton, 119 N.J. 628 (1990). There, the driver of a car involved in a single-car accident pled guilty to careless driving without an appearance in municipal court. A passenger in the car died from injuries suffered in the crash. In the wrongful death action, the driver contended that her guilty plea to careless driving was not admissible. This Court disagreed and emphasized that a guilty plea is only evidence of negligence and certainly "not conclusive proof[] of the facts underlying the offense." Absent a properly entered civil reservation, a person who enters a guilty plea to a traffic offense may be confronted with the factual basis for it in a civil action arising from the same occurrence that triggered the issuance of the motor vehicle charge. If a person contested the charge, a conviction following a trial is not admissible because the contesting defendant never admitted guilt. (pp. 12-16)

3. Here, defendant was charged with an offense that requires a person involved in a motor vehicle accident in which someone is injured to file a written report within ten days of the accident. The report is forwarded to the Motor Vehicle Commission, but neither the report, nor any statement contained in the report, is admissible as evidence in a subsequent proceeding for any purpose other than to establish the fact that the report was submitted. The fact of filing, filing late, or not filing at all has no bearing on the issue of negligence in a subsequent civil proceeding and is, therefore, inadmissible in any such proceeding. (pp. 16-17)

4. In sum, a guilty plea to a traffic offense that occurs in open court must be accompanied by a factual statement given by the defendant. A person who pleads guilty to a traffic offense may request an order that prevents admission of the plea in any civil proceeding arising from the same occurrence that precipitated the motor vehicle charge and that request must occur in open court. The prosecutor or a person injured in the accident may object to such an order, but must demonstrate good cause to bar entry thereof. If good cause is demonstrated, or the charge to which a defendant pleads guilty does not arise out of the same occurrence that is the subject of the civil proceeding, a civil reservation order may not be entered. Further, such an order should not be entered when the conduct encompassed by the traffic offense bears no relation to the subsequent civil proceeding. Finally, if the guilty plea is entered without a court appearance, a defendant may not pursue a civil reservation order. (pp. 17-18)

5. The municipal court proceeding in this appeal suffered from several flaws. Contrary to Rule 7:6-2(a)(1), defendant pled guilty to a motor vehicle charge without providing a factual basis. That precluded the municipal court from determining whether the plea was knowing and voluntary and whether it was factually supported. Further, the civil reservation order should not have been entered after the close of the municipal court proceedings because the request must be made in open court and contemporaneously with the plea. Moreover, here the municipal court judge entered a civil reservation order for a motor vehicle offense that would have been inadmissible in any civil proceeding based on the same occurrence because whether a person files the report of the accident required by the statute bears no relevance to whether the charged person operated a motor vehicle in a negligent manner on the day of the alleged incident, or operated a motor vehicle at all. (pp. 18-19)

6. The Court disapproves of the Appellate Division's ruling that a civil reservation need not be requested contemporaneously with the entry of the plea. The Court affirms, however, because whether a person submits a report of a motor vehicle accident timely, belatedly, or not at all bears no relevance to the issue of negligent operation of a motor vehicle. (p. 19)

The judgment of the Appellate Division is **AFFIRMED** as modified.

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, FERNANDEZ-VINA, and SOLOMON join in JUDGE CUFF'S opinion. JUSTICE PATTERSON did not participate.**

BRUCE MAIDA, MARYBETH MAIDA,
MARYBETH MAIDA, per quod and
CHRISTOPHER MAIDA, a minor,
by his guardian ad litem,
MARYBETH MAIDA,

     Plaintiffs-Appellants,

       v.

MICHAEL KUSKIN and GARY S.
KUSKIN,

     Defendants-Respondents.


     Argued November 10, 2014 – Decided March 19, 2015

     On appeal from the Superior Court, Appellate
     Division.

     Steven P. Haddad argued the cause for
     appellants (Mr. Haddad and Maggiano,
     DiGirolamo & Lizzi, attorneys).

     Richard J. Mirra argued the cause for
     respondents (Hoagland, Longo, Moran, Dunst &
     Doukas, attorneys; John C. Simons, of
     counsel).

     Gerald H. Baker argued the cause for amicus
     curiae New Jersey Association for Justice
     (Javerbaum, Wurgaft, Hicks, Kahn, Wikstrom &
     Sinins, attorneys).

     Aldo J. Russo argued the cause for amicus
     curiae New Jersey Defense Association (Lamb
     Kretzer, attorneys).

     Emily A. Kaller argued the cause for amicus
     curiae Trial Attorneys of New Jersey
     (Greenbaum Rowe Smith & Davis, attorneys;

Ms. Kaller, John D. North, and Harry D. McEnroe, on the brief).

JUDGE CUFF (temporarily assigned) delivered the opinion of the Court.

In this appeal we address the municipal court practice known as the "civil reservation."  A civil reservation permits the municipal court judge, at the request of a defendant, to order that a guilty plea shall not be evidential in any related civil proceeding.

Here, defendant pled guilty to failing to report an accident.  The transcript of the municipal court session contains no mention of a civil reservation.  Following the municipal court session, defendant's attorney wrote a letter to the municipal court judge "to confirm that a civil reservation was placed on the plea."  There is no record whether defendant's attorney sent a copy of this request to plaintiffs' attorney, who attended the municipal court proceeding.  That day, the municipal court entered an order directing that defendant's guilty plea "shall not be used or be evidential in any civil proceeding."

We take this opportunity to reiterate that the plain language of Rule 7:6-2(a)(1) requires the request for a civil reservation to be made in open court and contemporaneously with the municipal court's acceptance of the guilty plea.  We also

2

emphasize that a defendant must provide the factual basis to the offense to which he is pleading guilty and state that he is guilty and wishes to plead guilty to the offense. In addition, due to the prevalence of guilty pleas to traffic offenses in municipal court, we take this opportunity to review the use of municipal court guilty pleas and the factual statements provided in support of those pleas in civil actions.

Here, the request for the civil reservation was not made contemporaneously with the guilty plea or in open court. To the extent the Appellate Division held that a defendant may request a civil reservation after he has left municipal court, we disavow that ruling. Nevertheless, the guilty plea in this case is inadmissible in the civil proceeding. Whether a person reports an accident or files the report out of time has no relevance to the issue of whether he operated a motor vehicle negligently. Moreover, if a report had been filed, N.J.S.A. 39:4-130 expressly bars the admission of any statement made in such report in a civil or criminal proceeding for any purpose.

## I.

The charge to which defendant Michael Kuskin[1] pled guilty arose from an incident on Sunday, March 28, 2010. Plaintiffs Bruce and Marybeth Maida and their son Christopher were crossing

---

[1] All references to defendant in this opinion are to Michael Kuskin.

a street at the intersection of Harding Road and Hudson Avenue in Red Bank.  Plaintiffs assert that a sport-utility vehicle approaching the intersection slowed down to almost a complete stop as they progressed across the marked crosswalk.  Then, the vehicle accelerated and struck plaintiff Bruce Maida.[2]  Defendant, the driver of the vehicle, did not exit the vehicle and left the scene shortly thereafter.

The Maida family walked a block to their home, where Marybeth Maida called the police to report the accident.  The responding police officer recorded that plaintiff stated that he was not injured.  Using the license plate number supplied by plaintiff's wife, the police identified defendant as the driver of the vehicle and issued a summons charging him with leaving the scene of an accident resulting in injury to a person, contrary to N.J.S.A. 39:4-129, and with failure to report an accident resulting in injury to a person, contrary to N.J.S.A. 39:4-130.

On May 13, 2010, defendant's attorney entered a guilty plea on defendant's behalf to failing to report an accident resulting in injury to a person, contrary to N.J.S.A. 39:4-130.  The following is the complete transcript of the guilty plea proceeding:

[THE COURT:]    Next.

---

[2] All references to an individual plaintiff in this opinion are to Bruce Maida.

4

> [PROSECUTOR:] Next matter is on page 4 of
> Your Honor's traffic calendar, Michael Kuskin.
> [Defense counsel] and Bruce Maida.
>
> [DEFENSE COUNSEL:] Good morning, Your Honor.
>
> [PROSECUTOR:] Your Honor, with respect to
> this particular matter, the 39:4-130 is going
> to be a guilty plea. 108, 33, Judge.[3]
>
> Mr. Maida was notified to be here. The
> victim's bill of right[s] has been met, Judge.
> It's going to be a directed verdict of not
> guilty, if Your Honor please.
>
> [THE COURT:] That's fine. Okay, counsel,
> thank you.
>
> [DEFENSE COUNSEL:] Thank you, Your Honor.
>
> [THE COURT:] Is he able to pay that this
> morning?
>
> [DEFENSE COUNSEL:] Yes, Your Honor.
>
> [THE COURT:] Okay, good, go to the window and
> take care of it.
>
> [DEFENSE COUNSEL:] Thanks very much, Your
> Honor, have a nice day.

Although defendant did not utter a single word during this proceeding and the transcript makes no reference to plaintiffs' counsel, it is undisputed that both plaintiffs' counsel and defendant were present.

After the municipal court session, defendant's attorney wrote a letter to the municipal court stating, "please be advised that a plea was entered today and [I] would like to

---

[3] The numbers refer to the fine and costs.

confirm that a civil reservation was placed on the plea." The record does not indicate whether this letter was sent to plaintiff or his attorney. The certified disposition sheet of the municipal court states, "civil reservation granted." That day, the municipal court entered an order providing "that the plea of guilty entered by the defendant herein shall not be used or be evidential in any civil proceeding."

II.

On June 27, 2011, the Maidas filed a complaint seeking compensatory damages from the March 2010 incident. Plaintiffs claimed that Bruce Maida suffered serious injuries requiring multiple surgical procedures and that Marybeth Maida suffered severe and permanent emotional distress as a result of witnessing the accident. Defendant filed an answer denying that he was negligent. In response to an interrogatory, defendant asserted that "there was no accident."

Plaintiffs filed a motion to strike the civil reservation granted by the municipal court. After initially denying the motion, the trial court granted it following submission of a motion for reconsideration. The trial court opined that the civil reservation authorized by Rule 7:6-2(a)(1) must be requested in open court at the time of entry of the guilty plea. Finding that did not occur in this case, the trial judge permitted use of the guilty plea at trial.

6

In an unpublished opinion, the Appellate Division reversed. The panel determined that Rule 7:6-2(a)(1) does not require that the request for a civil reservation be made in open court at the time the guilty plea is accepted.  Surmising that the civil reservation was a material aspect of the guilty plea, the panel suggested that the trial judge should have permitted defendant to withdraw his plea.  In addition, the panel held that a civil reservation should be granted as a matter of course any time after entry of a plea unless there is an objection.

In dicta, the panel observed that there were other reasons to exclude the guilty plea, including the absence of a factual basis provided by defendant, the prejudicial impact of any guilty plea, and the absence of any probative value of this guilty plea to a central issue in this case -- whether a motor vehicle accident occurred at all.

This Court granted plaintiffs' petition for certification. Maida v. Kuskin, 217 N.J. 50 (2014).  We also permitted the New Jersey Association for Justice, the New Jersey Defense Association, and the Trial Attorneys of New Jersey to appear as amici curiae.

III.

Plaintiffs argue that the request for a civil reservation must occur in open court after acceptance of the guilty plea. Plaintiffs state that their position is consistent with the

7

plain language of Rule 7:6-2(a)(1) and permits the victim to hear, respond, object, and present reasons why the request is unfair or unjust. Plaintiffs contend that the Appellate Division opinion disregards the plain language of the Rule and ignores the rights and interests of victims.

Defendant argues that the requirements of Rule 7:6-2(a)(1) were fully satisfied. Even assuming that the victim received no notice of the request for the civil reservation, defendant contends that the lack of notice did not deprive the municipal court of the authority to grant the belated request. Defendant asserts that the civil reservation was an essential element of his plea, that he expected the request to be granted as a matter of course, and that he should be able to withdraw the guilty plea if he does not receive it.

Amicus curiae New Jersey Association for Justice (NJAJ) contends that victims of automobile accidents are entitled to the protection afforded to them by the New Jersey Constitution. Therefore, NJAJ urges that all guilty pleas must be taken in conformity with the Rules of Court Governing the Courts of the State of New Jersey (Rules). In municipal court, NJAJ asserts that the municipal court judge must address the defendant personally and determine that the plea is made voluntarily with a full understanding of the nature of the charge and the consequences of the plea. Defendant must set forth a factual

8

basis during the proceeding, which the court must determine is sufficient to support the plea. Any request for a civil reservation must occur in open court at the time the court accepts the guilty plea. Finally, NJAJ urges that a victim's right to notice of a plea and to object to the issuance of a civil reservation is thwarted by the belated request for and grant of the civil reservation that occurred in this case.

Amicus curiae Trial Attorneys of New Jersey (TANJ) argues for affirmance of the Appellate Division opinion. It argues that the opinion is supported by case law and a reversal will have a significant impact on the trial bar and municipal court calendars. TANJ also requests that this Court consider clarifying the court rule to provide that, when accompanied by a civil reservation, neither the plea nor the factual basis for the plea is admissible in a civil action.

Amicus curiae New Jersey Defense Association (N.J.D.A.) urges that the position taken by plaintiffs and NJAJ will result in the virtual elimination of the municipal court's ability to administer justice. Furthermore, a "bright line" standard currently exists in Rule 7:6-2(a)(1) and N.J.S.A. 39:5-52. N.J.D.A. emphasizes that N.J.S.A. 39:5-52 requires that the victim of a motor vehicle accident be notified of the prosecution of traffic offenses only upon the request of the victim. The statute also permits the victim to consult with the

9

prosecutor prior to the dismissal of any case against a defendant or resolution of plea negotiations. Furthermore, N.J.D.A. contends that Rule 7:6-2(a)(1) does not require that a defendant provide the factual basis to support the plea.

IV.

A.

Defendant pled guilty to one of the 2,607,893 non-DWI traffic cases filed in the municipal courts of this State in 2010.[4] The Rules, specifically Part 7, address all facets of municipal court practice. Rule 7:6 addresses arraignment, pleas and plea agreements, and guilty pleas by mail in non-traffic cases. The sheer magnitude of the number of non-DWI traffic offenses filed and processed by the municipal courts underscores the need to resolve these cases efficiently while still abiding by the procedures adopted by the Court.

Rule 7:6-2(a)(1) permits a municipal court judge to accept a guilty plea, but the judge may

> not . . . accept a guilty plea without first addressing the defendant personally and determining by inquiry of the defendant and, in the court's discretion, of others, that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea and that there is a factual basis for the plea.

---

[4] Municipal Court Statewide Statistics, New Jersey Judiciary (2015), http://www.judiciary.state.nj.us/mcs/caseloadstatistics. htm (last visited Mar. 11, 2015).

10

If a civil complaint has been filed or one is anticipated, "[o]n the request of the defendant, the court may, at the time of the acceptance of a guilty plea, order that the plea shall not be evidential in any civil proceeding." R. 7:6-2(a)(1).

The Rule thus contemplates that the plea be made in open court, that the municipal court judge make a sufficient inquiry to conclude that any plea is knowing and voluntary, and that there be a factual basis for the plea. See ibid. Furthermore, any request to bar the use of a guilty plea in a civil proceeding must be made in open court at the time of the plea. Guilty pleas that do not follow this basic structure are subject to reversal. See State v. Colon, 374 N.J. Super. 199, 210-12 (App. Div. 2005) (describing municipal court proceeding as "irregular" in part due to entry of guilty plea without factual basis or ascertainment of defendant's understanding of consequences of plea); State v. Martin, 335 N.J. Super. 447, 450-52 (App. Div. 2000) (vacating judgment of conviction based on entry of guilty plea with no factual basis and without advising defendant of right to appeal and time requirements for doing so). The necessity of providing a record that permits a municipal court judge to find that a guilty plea is knowing and voluntary and that there is factual support for the plea is intended to mirror the protections of Rule 3:9-2, which governs the entry of guilty pleas in Superior Court. Pressler &

11

Verniero, <u>Current N.J. Court Rules</u>, cmt. 2.1 on <u>R.</u> 7:6-3(a)(1) (2014).[5]

In municipal court, a defendant may request an order that the plea not be evidential in any civil proceeding. <u>R.</u> 7:6-2(a)(1). The order is entered as a matter of course unless the prosecutor or the victim objects.[6] <u>State v. LaResca</u>, 267 <u>N.J. Super.</u> 411, 421 (App. Div. 1993). If the prosecutor or victim objects to a civil reservation or non-evidential order, the objecting party must show good cause for withholding the order. <u>Ibid.</u> This procedure differs from the Superior Court procedure where a defendant who requests a civil reservation following a guilty plea must establish good cause for entry of such an order. <u>R.</u> 3:9-2.

Although arising in the context of a guilty plea entered pursuant to <u>Rule</u> 3:9-2 in Superior Court, <u>State v. Haulaway, Inc.</u>, 257 <u>N.J. Super.</u> 506 (App. Div. 1992), provides some

---

[5] A prosecutor may submit a Request to Approve Plea Agreement signed by the prosecutor and the defendant in lieu of a personal appearance with the approval of the municipal court judge. <u>Guidelines for Operation of Plea Agreements in the Municipal Courts of New Jersey</u>, Guideline 3 (Guidelines). In addition, except as otherwise provided in the rule, in all cases involving non-traffic and non-parking offenses, a defendant may submit a guilty plea by mail when a municipal court judge is satisfied that a personal appearance by the defendant would constitute an undue hardship. <u>R.</u> 7:6-3(a).

[6] A victim of a motor vehicle accident must be provided with timely advance notice of the date, place, and time of the defendant's initial appearance and submission of any plea agreement. <u>N.J.S.A.</u> 39:5-52(a)(2).

guidance on what constitutes good cause to support entry or denial of a civil reservation. In Haulaway, the corporate defendant pled guilty to a single count of theft by deception and the individual defendant pled guilty to misconduct by a corporate officer and falsifying records. Id. at 507. The defendants entered those pleas knowing that the State would object to entry of a civil reservation order. Id. at 508. Later, the defendants sought a civil reservation to prevent the State from using their guilty pleas in a proceeding to bar them from future participation in the waste disposal industry. Ibid. The Appellate Division determined that good cause did not exist to support a civil reservation because the defendants pled guilty with knowledge that the State might object to a no-civil-use order and without conditioning their plea on the entry of such an order. Id. at 508-09. Therefore, the panel vacated the orders. Ibid. Similarly, when a defendant offered no reason to support his request for a civil reservation to his guilty plea to harassment, the trial judge properly denied the request, although the court suggested that good cause may exist if the defendant contends that the civil consequences of a guilty plea could cause devastating financial harm. State v. Tsilimidos, 364 N.J. Super. 454, 459-60 (App. Div. 2003).

B.

13

The civil reservation practice derives from the ability to offer a party's own statement against him. The admission of the fact of a criminal or quasi-criminal conviction and any statements made by a defendant at the time of a guilty plea to a criminal offense or a quasi-criminal charge, including a traffic violation, is grounded in N.J.R.E. 803(b)(1). The rule provides that "[a] statement offered against a party which is . . . the party's own statement" is not excluded by the hearsay rule. N.J.R.E. 803(b)(1).

This Court addressed the admissibility of a guilty plea to careless driving in a subsequent civil proceeding in Eaton v. Eaton, 119 N.J. 628 (1990). There, the driver of a car involved in a single-car accident was charged with and pled guilty to careless driving without an appearance in municipal court. Id. at 633-34. The passenger in the car died from injuries suffered in the crash. Id. at 632. In the ensuing wrongful death action, the driver contended that her guilty plea to careless driving was not admissible in the civil action. Id. at 643. This Court disagreed. Ibid. The Court discussed the admissibility of the guilty plea to a traffic offense as follows:

> A party's admission may be used as affirmative substantive evidence against that party. [N.J.R.E. 803(b)(1)]; Stoelting v. Hauck, 32 N.J. 87, 106 (1960). Consistent with that premise, evidence of a defendant's guilty plea is admissible as an admission in

14

a civil action.  Kellam v. Akers Motor Lines, 133 N.J.L. 1, 3 (E. & A. 1945); Mead v. Wiley Methodist Episcopal Church, 23 N.J. Super. 342, 349-50 (App. Div. 1952); see IV Wigmore on Evidence § 1066 at 82 n.7 (1972) (Wigmore). In particular, guilty pleas to traffic offenses are admissible in civil suits to establish liability arising from the same occurrence.  Kellam, supra, 133 N.J.L. at 3; Liberatori v. Yellow Cab Co., 35 N.J. Super. 470, 476-77 (App. Div. 1955); see also cases cited in Wigmore, supra, § 1066 at 82 n.7.  By contrast, a record of conviction for a non-indictable offense is inadmissible in such an action.  See N.J.S.A. 2A:81-12; Burd v. Vercruyssen, 142 N.J. Super. 344, 353 (App. Div. 1976); Mead, supra, 23 N.J. Super. at 351.  Unlike a party who has pled guilty, one who has unsuccessfully contested an offense has not admitted his or her guilt.

[Id. at 643-44.]

The Court proceeded to emphasize, however, that a guilty plea is only evidence of negligence and certainly "not conclusive proof[] of the facts underlying the offense."  Id. at 644.  The party who entered the guilty plea may contest the admitted fact "[b]ecause such a plea is entered without litigation of the underlying facts."  Ibid.  Furthermore, "[a]s with other admissions[,] the party who has entered the plea may rebut or otherwise explain the circumstances surrounding the admission."  Ibid.

In other words, absent a properly entered civil reservation, a person who enters a guilty plea to a traffic offense may be confronted with the factual basis for it in a civil action arising from the same occurrence that triggered the

15

issuance of the motor vehicle charge.  If a person contested the charge, a conviction following a trial is not admissible because the contesting defendant never admitted his guilt.  Similarly, a guilty plea to or a finding of guilt of a non-traffic, non-indictable charge is not admissible in civil proceedings because N.J.R.E. 803(3)(22) only permits, absent a civil reservation, admission of evidence of a final judgment of guilt only to an indictable offense.  Moreover, care must be taken to determine whether the traffic charge to which a person pleads guilty is relevant to any issue in a civil action or even whether the Legislature authorized its use in any proceeding.  Cf. State v. Lacey, 416 N.J. Super. 123, 126 (App. Div. 2010) (rejecting contention that proceedings pursuant to N.J.S.A. 9:6-8.21 to -8.73 or N.J.S.A. 30:4C-1 to -40 are types of proceedings for which a civil reservation order may bar entry of guilty plea to fourth-degree child abuse), certif. denied, 205 N.J. 101 (2011).

C.

Such an inquiry is critical in this case.  Defendant was charged with violating N.J.S.A. 39:4-130, which requires a person involved in a motor vehicle accident in which someone is injured to file a written report within ten days of the accident.  The report is forwarded to the Motor Vehicle Commission and the information contained in each report is "for the information of the commission."  Ibid.  Those required

16

reports are not available to the public.  Ibid.  Neither the report nor any statement contained in the report is admissible in evidence in any subsequent proceeding for any purpose other than to establish the fact of submission of the report in any proceeding or action arising out of the accident.  Ibid.  Moreover, whether a person involved in a motor vehicle accident has filed or belatedly files the required report has "no probative relationship to the issue of negligence."  Cobb v. Waddington, 154 N.J. Super. 11, 18 (App. Div. 1977), certif. denied, 76 N.J. 235 (1978).  In short, the fact of filing, filing late, or not filing at all has no bearing on the issue of negligence in a subsequent civil proceeding and is inadmissible in any such proceeding.

## V.

## A.

In sum, a guilty plea to a traffic offense that occurs in open court must be accompanied by a factual statement given by the defendant.  A person who pleads guilty to a traffic offense may request an order that prevents admission of the plea in any civil proceeding arising from the same occurrence that precipitated the motor vehicle charge.  That request must occur in open court.  The prosecutor or a person injured in the motor vehicle accident may object to such an order and demonstrate good cause to bar entry of such an order.  If the prosecutor or

17

the victim demonstrates good cause or the charge to which a defendant pleads guilty does not arise out of the same occurrence that is the subject of the civil proceeding, a civil reservation order may not be entered.  Such an order also should not be entered when the conduct encompassed by the traffic offense bears no relation to any issue in the subsequent civil proceeding.  Finally, if the guilty plea is entered without a court appearance, as permitted by the Guidelines, a defendant may not pursue a civil reservation order.  Such an order would contravene the requirement that a civil reservation be requested in open court contemporaneously with the entry of the guilty plea.

B.

The municipal court proceeding in this appeal suffered from several flaws.  Contrary to <u>Rule</u> 7:6-2(a)(1), defendant pled guilty to a motor vehicle charge without providing a factual basis.  That omission precluded the municipal court from determining whether the plea was knowing and voluntary and whether it was factually supported.  The civil reservation order should not have been entered after the close of the municipal court proceedings.  A request must be made in open court and contemporaneously with the plea.  Any other procedure frustrates the ability of a victim of a motor vehicle accident to object to the entry of such an order.

18

Moreover, the municipal court judge entered a civil reservation order for a motor vehicle offense which would be inadmissible in any civil proceeding based on the same occurrence. Whether or not a person files the report required by N.J.S.A. 39:4-130 bears no relevance to whether the charged person operated a motor vehicle in a negligent manner on the day of the alleged incident or operated a motor vehicle at all.

We expressly disapprove the Appellate Division ruling that a civil reservation need not be requested contemporaneously with the entry of the plea. We affirm, however, because whether a person submits a report of a motor vehicle accident timely, belatedly, or not at all bears no relevance to the issue of negligent operation of a motor vehicle. A guilty plea to that offense is irrelevant to any issue in the civil proceeding and inadmissible in the current civil proceeding.

VI.

The judgment of the Appellate Division is affirmed, as modified.

CHIEF JUSTICE RABNER, and JUSTICES LaVECCHIA, ALBIN, FERNANDEZ-VINA, and SOLOMON join in JUDGE CUFF's opinion. JUSTICE PATTERSON did not participate.

19

SUPREME COURT OF NEW JERSEY

NO.    A-50                        SEPTEMBER TERM 2013

ON APPEAL FROM        Appellate Division, Superior Court


BRUCE MAIDA, MARYBETH MAIDA,
MARYBETH MAIDA, per quod and
CHRISTOPHER MAIDA, a minor,
By his guardian ad litem,
MARYBETH MAIDA,

         Plaintiffs-Appellants,

                    v.

MICHAEL KUSKIN and GARY S.
KUSKIN,

         Defendants-Respondents.


DECIDED                  March 19, 2014
            Chief Justice Rabner            PRESIDING
OPINION BY          Judge Cuff
CONCURRING/DISSENTING OPINION BY
DISSENTING OPINION BY

| CHECKLIST | AFFIRM AS MODIFIED | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | ------------------------ | -------------------------- |
| JUSTICE FERNANDEZ-VINA | X | |
| JUSTICE SOLOMON | X | |
| JUDGE CUFF (t/a) | X | |
| | 6 | |

1