**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4023-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ROBERT G. STOECKEL,

     Defendant-Appellant.

_____

          Submitted February 4, 2019 – Decided February 27, 2019

          Before Judges Sabatino and Mitterhoff.

          On appeal from Superior Court of New Jersey, Law Division, Burlington County, Municipal Appeal No. 01-18.

          Robert E. Ramsey, attorney for appellant.

          Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Robert Stoeckel appeals from the Law Division's April 3, 2018 order denying his post-sentence motion to vacate his guilty plea to driving while intoxicated ("DWI"), N.J.S.A. 39:4-50. We affirm.

We derive the following facts from the record. On November 10, 2010, defendant appeared before the Mount Laurel municipal court to plead guilty to one count of DWI. Defendant was represented by an attorney at the hearing.

The municipal court judge questioned defendant about his decision to plead guilty. Defendant represented that his attorney had answered all his questions, that he had no questions for the court or for his attorney, and that he understood that he was waiving his right to a trial. Defendant further represented that he was voluntarily pleading guilty and that he was not threatened, coerced, or induced into pleading guilty.

Defendant then provided a factual basis for his plea. Defendant admitted that on October 6, 2010, he operated his motor vehicle after consuming six beers. Defendant stated that his ability to operate a motor vehicle was negatively affected and that he was unable to successfully perform field sobriety tests. Defendant also did not object to the admission of an Alcotest result indicating that at the time of the incident defendant had blood alcohol concentration ("BAC") of .14.

A-4023-17T3

The municipal court judge accepted defendant's guilty plea and heard arguments as to sentencing. Defense counsel argued that the step-down provision, N.J.S.A. 39:4-10(a)(3), should apply because defendant's previous conviction was from 1992. The judge agreed and sentenced defendant as a first-time offender. The judge imposed a seven-month suspension of defendant's driving privileges, twelve hours at the Intoxicated Driver Resource Center, and applicable fines. Defendant did not file a direct appeal of his conviction.

More than seven years later, on January 2, 2018, defendant, represented by new counsel, filed a motion in the municipal court to withdraw his plea pursuant to Rule 7:6-2(b). In this motion, defendant argued that his plea was not made knowingly because the court failed to advise defendant of the penalties he would face if his guilty plea were accepted. The municipal court denied defendant's motion.

Defendant appealed to the Law Division. On de novo review, the Law Division denied defendant's motion to vacate the guilty plea. The Law Division judge found that defendant's plea was made knowingly and that the plea was supported by an adequate factual basis.

This appeal followed. On appeal, defendant contends his plea should be vacated because the municipal judge failed to advise him of the penalties he

3

would face if his plea were accepted as required by Rule 7:6-2(a).  Therefore, defendant argues that the plea was not made knowingly.  Defendant does not challenge whether the plea was voluntary or whether the factual basis for the plea was adequate.  Indeed, at oral argument before the Law Division, defense counsel stated, "Our entire argument is hinged on one narrow issue – was the plea done knowingly, which is one of the requirements of the court rule."  Accordingly, we focus our review on this narrow issue.

On an appeal such as this, we "consider only the action of the Law Division and not that of the municipal court[,]" State v. Oliveri, 336 N.J. Super. 244, 251 (App. Div. 2001), because the Law Division's determination is de novo on the record from the municipal court.  R. 3:23-8(a)(2).  Although we are ordinarily limited to determining whether the Law Division's de novo factual findings "could reasonably have been reached on sufficient credible evidence present in the record[,]" State v. Johnson, 42 N.J. 146, 162 (1964), we owe no such deference here because the Law Division decided the motion under review on the papers without taking testimony.  See State v. Harris, 181 N.J. 391, 421 (2004).  Our review of purely legal issues is plenary.  State v. Goodman, 415 N.J. Super. 210, 225 (App. Div. 2010).

We begin with the standards governing motions to withdraw guilty pleas. Rule 7:6-2(b), which applies to municipal courts, provides, "A motion to withdraw a plea of guilty shall be made before sentencing, but the court may permit it to be made thereafter to correct a manifest injustice." Accordingly, as defendant moved to withdraw his plea over seven years after sentencing, he "must show [his] conviction was manifestly unjust[.]" State v. Slater, 198 N.J. 145, 156 (2009). In this regard, "efforts to withdraw a plea after sentencing must be substantiated by strong, compelling reasons." Id. at 160. "[T]he burden rests on the defendant, in the first instance, to present some plausible basis for his request, and his good faith in asserting a defense on the merits." Id. at 156 (quoting State v. Smullen, 118 N.J. 408, 416 (1990)).

In Slater, the Supreme Court delineated a four-factor balancing test to guide courts in exercising their discretion to set aside guilty pleas. Id. at 157-58. The Court, however, instructed "when the issue is solely whether an adequate factual basis supports a guilty plea, a Slater analysis is unnecessary." State v. Tate, 220 N.J. 393, 404 (2015). Such an issue is reviewed de novo, because "[a]n appellate court is in the same position as the trial court in assessing whether the factual admissions during a plea colloquy satisfy the essential elements of an offense." Ibid.

A-4023-17T3

In this case, we similarly consider the issue of whether defendant entered into the plea knowingly to be a threshold determination that precedes a Slater analysis and is subject to de novo review.[1] See ibid.; State v. Lipa, 219 N.J. 323, 332 (2014) ("Once it is established that a guilty plea was made voluntarily, it may only be withdrawn at the discretion of the trial court." (emphasis added)). Other than this threshold issue, we review the Law Division's decision on defendant's motion to withdraw his plea for an abuse of discretion. See Lipa, 219 N.J. at 332 ("[T]he trial court's denial of defendant's request to withdraw his guilty plea will be reversed on appeal only if there was an abuse of discretion which renders the lower court's decision clearly erroneous.").

Guided by these standards, we turn to defendant's contention that his plea did not adhere to the requirements of Rule 7:6-2(a)(1) and was not made knowingly. Rule 7:6-2(a)(1) provides:

> Except as otherwise provided by Rules 7:6-2, 7:6-3, and 7:12-3, the court shall not, however, accept a guilty plea without first addressing the defendant personally and determining by inquiry of the defendant and, in the court's discretion, of others, that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea and that there is a factual basis for the plea.

---

[1] In this regard, the Law Division judge did not discuss or apply the Slater factors in his oral decision.

[(emphasis added).]

"The Rule thus contemplates that the plea be made in open court, that the municipal court judge make a sufficient inquiry to conclude that any plea is knowing and voluntary, and that there be a factual basis for the plea." Maida v. Kuskin, 221 N.J. 112, 123 (2015).

"For a plea to be knowing, intelligent, and voluntary, the defendant must understand the nature of the charge and the consequences of the plea." State v. Johnson, 182 N.J. 232, 236 (2005). In performing the inquiry into whether a defendant understands the consequences of a plea, "a court is not responsible for informing a defendant of all consequences flowing from a guilty plea, [but] at a minimum the court must ensure that the defendant is made fully aware of those consequences that are 'direct' or 'penal.'" Id. at 237 (quoting State v. Howard, 110 N.J. 113, 122 (1988)). "Even misinformation about a collateral consequence may vitiate a guilty plea if the consequence is a material element of the plea." State v. Jamgochian, 363 N.J. Super. 220, 225 (App. Div. 2003).

Having considered the record in light of these legal principles, we reject defendant's contention that his plea should be vacated because he allegedly did not know the consequences of his plea. Although defendant correctly notes that the municipal court judge did not specifically advise defendant of the range of

7

penalties before accepting defendant's guilty plea,[2] defendant does not submit a certification or any other evidence substantiating that he did not know or understand either the direct or collateral consequences of his plea. Cf. Lipa, 219 N.J. at 333-35 (holding that defendant was entitled to withdraw plea where defendant presented a certification asserting the reasons for his innocence and some evidence that contradicted the charges).

In this regard, defendant was sentenced immediately following his plea and therefore knew the direct consequences of his plea for over seven years before he moved to withdraw the plea in the municipal court. Indeed, defendant's seven-month license suspension was likely completed well before

_____

[2] We note that courts should ordinarily advise defendants at the plea stage of the possible sentences they may receive to ensure that defendants know and understand the consequences of their pleas. Additionally, in DWI cases, N.J.S.A. 39:4-50(c) requires:

> Upon conviction of a violation of this section, . . . [t]he court shall inform the person convicted that if he is convicted of personally operating a motor vehicle during the period of license suspension imposed pursuant to subsection (a) of this section, he shall, upon conviction, be subject to the penalties established in [N.J.S.A.] 39:3-40. . . . [T]he court shall notify the person convicted, orally and in writing, of the penalties for a second, third or subsequent violation of this section.

he moved to withdraw his plea years later in the municipal court. We find that defendant's exceedingly lengthy delay in moving to withdraw his plea significantly undermines his argument that he pleaded guilty without knowledge of the consequences he faced. See Slater, 198 N.J. at 160 ("In general, the longer the delay in raising a reason for withdrawal, or asserting one's innocence, the greater the level of scrutiny needed to evaluate the claim.").

Furthermore, defendant does not identify, either through certification or legal argument, a particular penal or collateral consequence he now faces that would warrant vacating his plea to correct a manifest injustice.[3] Defendant does not assert that he misunderstood any component of the sentence he received or that the sentence was excessive.[4] In light of the fact that defendant presents no evidence beyond bald legal argument to substantiate his assertion that he did not know and understand the consequences of his plea, we find that defendant has

---

[3] We can envision different factual scenarios, such as where a defendant is not advised of the increased penalties for subsequent DWI convictions and later is convicted of a subsequent DWI, in which relief may be warranted long after sentencing to correct a manifest injustice. In this case, however, defendant presents no such evidence.

[4] Indeed, the municipal court applied the step-down provision and imposed the minimum statutory penalties for a first-time offense with a BAC of greater than .10. See N.J.S.A. 39:4-50(a)(1)(ii).

failed to establish that the Law Division's finding that his plea was made knowingly is erroneous.

Moreover, our consideration of the <u>Slater</u> factors[5] supports the Law Division's denial of defendant's motion to withdraw his plea. <u>Slater</u> instructs courts to consider: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." <u>Id.</u> at 157-58.

With respect to the first factor, because defendant does not contend that he was innocent of DWI or challenge the factual basis for his plea, this factor distinctly weighs against vacating defendant's plea. With respect to the second factor, a court considers "whether defendant has presented fair and just reasons for withdrawal, and whether those reasons have any force." <u>Id.</u> at 159. Although defendant contends that his plea should be vacated because he did not understand the consequences of his plea, we find this reason to carry little force because, as discussed above, defendant waited over seven years to move to

---

[5] Given the focus of defendant's argument, we are not required to reach the <u>Slater</u> factors, but do so for the sake of completeness.

A-4023-17T3

withdraw his guilty plea and presents no evidence as to what penal or collateral consequence he was unaware of when he entered into the plea.

The third factor is inapplicable in our analysis, as plea agreements are prohibited in DWI cases in New Jersey. See Guidelines for Operation of Plea Agreements in the Municipal Courts of New Jersey, Pressler & Verniero, Current N.J. Court Rules, Appendix to Part VII, Guideline 4 (2019) ("No plea agreements whatsoever will be allowed in drunken driving . . . offenses."). Similarly, the fourth factor is not heavily implicated in our analysis, because "[t]he State is not required to show prejudice if a defendant fails to offer proof of other factors in support of the withdrawal of a plea." Id. at 162. Thus, the first two Slater factors weight against vacating defendant's plea and the remaining factors are largely inapplicable. Therefore, based on a balancing of the Slater factors, we conclude that the Law Division did not misapply its discretion in denying defendant's motion.

For these reasons, on the record before us, we find defendant failed to carry his burden to present "strong, compelling reasons" that his plea should be vacated to correct a manifest injustice. Slater, 198 N.J. at 160. Defendant presents insufficient evidence to support that he did not know the consequences of his plea or to establish any other grounds to vacate his plea.

To the extent we have not specifically addressed any remaining arguments raised by defendant, we find they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION