# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3330-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KATHERINE G. STEPHENS,

    Defendant-Appellant.

_____

> Submitted April 14, 2026 – Decided April 24, 2026
>
> Before Judges Perez Friscia and Vinci.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. 24-09-1681.
>
> Louis G. DeAngelis, LLC, attorney for appellant (Louis G. DeAngelis, of counsel and on the briefs; Jeffrey Zajac, on the briefs).
>
> Theodore N. Stephens II, Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Deputy Chief Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Katherine G. Stephens appeals from a May 15, 2025 trial court order denying her motion for a civil reservation pursuant to Rule 3:9-2 after she pleaded guilty to fourth-degree neglect of a child, N.J.S.A. 9:6-3, as a condition to entering the pretrial intervention (PTI) program, N.J.S.A. 2C:43-12. For the reasons that follow, we reverse and remand for further proceedings in accordance with Rule 3:9-2 and State v. Lavrik, 472 N.J. Super. 192 (App. Div. 2022).

On February 28, 2024, defendant, who was seventy-four years old, was employed as a bus driver for a private company that transports children with disabilities. Newark Police Department (NPD) officers responded to the Regional Day School after receiving a report that J.B., a fifteen-year-old student with autism, was missing.[1] J.B.'s mother, B.N., "received a call from the school at approximately 3:15 [p.m.] asking why her son . . . was not in school." She reported J.B. "had been picked up by the school bus" at 7:15 a.m.

The school's attempts to contact defendant and the bus aide, Judith Bey, were unsuccessful. Defendant and Bey arrived at the school with J.B. at approximately 3:20 p.m. They reported that after J.B. boarded the school bus,

---

[1] We use initials to protect J.B.'s medical records, report, and evaluations. R. 1:38-3(a)(2).

they had "pick[ed] up the rest of the students" and "walked the students out of the bus," but did "not notic[e] that [J.B.] had been left behind." When they returned to the school later that afternoon, they discovered J.B. had been alone on the bus since 7:15 a.m. J.B. had no observed injuries.

On September 4, 2024, defendant was indicted by a grand jury and charged with second-degree endangering the welfare of a child, N.J.S.A. 2C:44-4(a)(2), and fourth-degree neglect of a child. On October 22, 2024, defendant applied for PTI. The State consented to her admission to PTI contingent on her entering a guilty plea, providing truthful testimony against Bey, and maintaining no contact with J.B. Additionally, defendant's guilty plea would only be vacated after successful completion of PTI.

On January 7, 2025, defendant pleaded guilty to fourth-degree neglect of a child as a condition of entering into PTI. The same day, the trial court entered an order of postponement admitting her to PTI for a term of eighteen months.

On January 29, 2025, defendant filed a motion for a civil reservation of her PTI guilty plea. The State did not oppose the motion. She submitted a certification requesting the court grant a civil reservation because she was "a [seventy-four-year-old] widow" who "live[d] alone in a [s]enior [h]ealth building" and "[u]p until the incident, [she] ha[d] lived a law[-]abiding life."

She had been unable to work since the incident and her "only source of income [was] [s]ocial [s]ecurity." Defendant reported having no "savings accounts," "stocks, bonds, or assets," and she would be "financially destroyed" if a civil damages award was entered against her.

On May 15, 2025, after hearing oral argument, the court entered an order denying defendant's motion for a civil reservation supported by an oral decision. The court stated it was "not compelled to grant" the motion because it was "not going to speculate as to what potential claims . . . plaintiff could have" and would "not . . . foreclose any potential[]" claims. The court determined the motion was "premature" and "if there[ is] a civil action that is filed . . . then [the motion] would be addressed at that point." This appeal followed.

On appeal, defendant raises the following arguments:

POINT I

BECAUSE THERE IS NO REQUIREMENT FOR A PENDING CIVIL ACTION, THE LAW DIVISION'S DENIAL OF THE DEFENDANT'S REQUEST FOR A CIVIL RESERVATION CONSTITUTES REVERSIBLE ERROR.

A. The Defendant Has Satisfied the Good Cause Standard Under Rule 3:9-2.

B. The Law Division Erred By Requiring the Filing of a Civil [Lawsuit] Prior to Granting a Civil Reservation Under Rule 3:9-2.

We review a trial court's interpretation of court rules de novo. State v. Anthony, 443 N.J. Super. 553, 564 (App. Div. 2016). Whether a civil reservation is supported by good cause is a legal question also subject to de novo review. State v. McIntyre-Caulfield, 455 N.J. Super. 1, 5 (App. Div. 2018); Lavrik, 472 N.J. Super. at 213.

Guilty pleas in criminal proceedings may be admissible in civil cases as statements of a party opponent under N.J.R.E. 803(b)(1). Maida v. Kuskin, 221 N.J. 112, 125 (2015). Rule 3:9-2 authorizes civil reservations and provides, "[f]or good cause shown the court may, in accepting a plea of guilty, order that such plea not be evidential in any civil proceeding." "The purpose of [Rule 3:9-2] is to avoid an unnecessary criminal trial of a defendant who fears that a civil claimant will later use [their] plea of guilty as a devastating admission of civil liability." McIntyre-Caulfield, 455 N.J. Super. at 8 (first alteration in original) (quoting Stone v. Police Dep't of Keyport, 191 N.J. Super. 554, 558 (App. Div. 1983)).

The "good cause" standard may be satisfied where it is: "necessary to remove an obstacle to a defendant's pleading guilty to a criminal charge"; or "the civil consequences of a plea may wreak devastating financial havoc on a defendant." Id. at 9 (first quoting State v. Haulaway, Inc., 257 N.J. Super. 506,

508 (App. Div. 1992); and then quoting State v. Tsilimidos, 364 N.J. Super. 454, 459 (App. Div. 2003)). The burden of establishing good cause is on the defendant. Maida, 221 N.J. at 123.

We are convinced the court improperly denied defendant's motion for a civil reservation because no civil suit was pending against her. Rule 3:9-2 provides that a defendant shall move for a civil reservation for "good cause shown" when the court is "accepting a plea of guilty." In McIntyre-Caulfield we determined:

> the plain text of [Rule 3:9-2], and the case law interpreting it, does not make its applicability dependent on a filed lawsuit. The lack of a pending civil lawsuit is not determinative. . . . Making eligibility for a Rule 3:9-2 request dependent on the filing of a civil complaint—something that is beyond the control of a defendant—is beyond the scope of the rule.
>
> [455 N.J. Super. at 9.]

In this case, the court denied defendant's motion because no civil suit was pending against her. We expressly rejected such a requirement in McIntyre-Caulfield, and do not find any basis to depart from that decision here. We, therefore, reverse the court's order denying defendant's motion.

On remand, the court shall hold defendant's motion in abeyance until her term of PTI is completed. In Lavrik, we held that "[p]ursuant to N.J.S.A. 2C:43-

6

13(b), a guilty plea entered as a condition of admission to PTI 'shall be held in an inactive status pending termination of the supervisory treatment.'"  Lavrik, 472 N.J. Super. at 215-16.  That is so because "the guilty plea has no force or effect, unless PTI is violated.  It is neither a judgment of conviction[,] nor an adjudication.  If a defendant successfully completes the program, the charges are dismissed."  Id. at 216 (citation omitted).  Therefore, courts "should . . . delay[] consideration of [a] defendant's [civil reservation] application until the completion of his [or her] PTI term."  Id. at 217.

Here, defendant entered into PTI for a term of eighteen months beginning January 7, 2025.  If she successfully completes her PTI term, the charges against her will be dismissed, her plea will be vacated, and her guilty plea will have "no force or effect."  See N.J.R.E. 410(a) (prohibiting the use of "a guilty plea which was later withdrawn").  In that event, a civil reservation would be unnecessary and her motion for a civil reservation would be moot.

Alternatively, the court "may enter a civil reservation order . . . if:  (1) [she] is unsuccessfully terminated from the PTI program and a judgment of conviction is entered," "and (2) [she] presents evidence supporting a good cause determination."  Lavrik, 472 N.J. Super. at 218.  We decline defendant's request

that we exercise original jurisdiction because it would be premature to do so for the same reasons.

Reversed and remanded for further proceedings in conformity with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

8                                                                        A-3330-24