**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2224-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LEMONT LOVE,

    Defendant-Appellant.

_____

Submitted April 29, 2025 – Decided June 30, 2025

Before Judges Susswein and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 10-04-0574.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Randolph E. Mershon, III, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Lemont Love appeals from an order denying his petition for post-conviction relief (PCR) without an evidentiary hearing and denying his application to expunge his prior possession of marijuana conviction. We affirm for the reasons expressed by Judge Joseph Paone in his well-reasoned oral decision.

## I.

The following facts are taken from our opinion in defendant's direct appeal. State v. Love, No. A-3336-12 (App. Div. Sep. 8, 2014).

> As set forth in more detail below, police officers sought to arrest defendant for a robbery-assault. They encountered him with Randy Williams and Charles Opher outside his trailer home, which was occupied by Raymond Nichols and Roy Dey, III. During the arrest, defendant attempted to hide heroin. Officers searched the trailer for his missing girlfriend, and discovered marijuana in the trailer and cocaine under the trailer.
>
> In the early morning of February 17, 2010, a friend of defendant's girlfriend (woman) came to the East Brunswick Police Department (EBPD) expressing concern that the woman was missing. The friend reported as follows. Defendant was a Crips gang member, and was known to carry a handgun. During a dispute in Spotswood the previous evening, he had punched the woman in the chest and stomach leaving her severely bruised. After the woman returned from Spotswood, defendant telephoned her threatening that if she did not come back and return his car, he would hurt her. She then left to meet defendant. At 2:15 a.m., she sent the friend a text message: "I'm done. Love

you. Bye." An EBPD officer went to the woman's residence and spoke to her mother, who was unaware of the woman's current whereabouts but believed she was staying at defendant's residence in Spotswood.

At about 11:30 a.m. at an East Brunswick motel, there was a robbery and assault in which defendant was a suspect. The robbery victim told the EBPD that defendant was heading with two men to Spotswood in a Pontiac. The EBPD relayed that information, and the fact that defendant might be carrying a handgun, to the Spotswood Police Department (SPD).

SPD Detective Scott Hoover heard this information. He was familiar with defendant and his Pontiac. He proceeded with SPD officers in an unmarked vehicle to defendant's apartment complex to look for the Pontiac, and then to a trailer where the Pontiac had been seen over the weekend. They kept the trailer under surveillance for ten minutes until defendant pulled into the driveway in the Pontiac. Defendant, Williams and Opher got out of the Pontiac. The officers exited their vehicle with their guns drawn, identified themselves as police, and ordered the three men to "get down on the ground."

Williams and Opher complied immediately. Defendant refused and kept walking to the porch of the ranch-style trailer home. Detective Hoover called defendant by name, repeatedly ordering him to get on the ground. Defendant replied, "How do you know my name?," but still did not comply. Defendant reached the porch of the trailer, opened the storm door, and knelt behind it. He put his hand in his pocket, took out his hand, bent down behind the door's metal lower half where he could not be seen, and stood up with his hands raised. A back-up officer, Patrolman Nicholas Mayo, forced defendant into a prone position on the porch. Patrolman Mayo

3

handcuffed and arrested defendant. Detective Hoover joined Patrolman Mayo and defendant on the porch. While defendant was still in the area of the doorway, the detective checked the area. Underneath the doormat, Detective Hoover found four wax baggies of heroin.

Detective Hoover frisked defendant and found a key to the trailer. The detective knocked on the door of the trailer. Nichols answered, but denied knowing defendant. Detective Hoover drove defendant, Williams and Opher to SPD headquarters. Meanwhile, the SPD alerted the EBPD that defendant had been apprehended.

EBPD Sergeant Alexander Todoroff drove to SPD headquarters and spoke with Detective Hoover about the need to check defendant's residence in Spotswood for the woman. The sergeant wanted "to check on her safety" to see if she was injured, or held against her will. Sergeant Todoroff, Detective Hoover, and other officers proceeded to the trailer. Detective Hoover conferred with the prosecutor's office, which advised that, based on the information the woman was in danger, the officers could do a limited search for her in the trailer.

The officers knocked on the door of the trailer. Detective Hoover told Nichols they were going to search the trailer for the woman. Sergeant Todoroff, Detective Hoover, and two other officers entered the trailer. Detective Hoover questioned Nichols about the woman, and Nichols said a woman had been there the previous evening. Looking for the woman, Sergeant Todoroff went into the bathroom and found Dey with a hypodermic needle in his hand, and drugs in a spoon. SPD officers arrested him and seized the drugs.

A-2224-22

Detective Hoover went to the back bedroom where Dey was handcuffed and asked him about the woman. While talking to Dey, Detective Hoover saw a large zip-lock bag containing marijuana protruding from a pair of jeans draped over a chair. Based on that observation, and the drugs seized from Dey, Detective Hoover [obtained] a search warrant. Executing the warrant, officers seized the jeans and found in the pockets the marijuana, $3,675, and a wallet containing defendant's driver's license.

[Id., slip op. at 1, 4-8].

In April 2010, defendant was indicted for third-degree possession of a controlled dangerous substance (heroin), N.J.S.A. 2C:35-10(a)(1); third-degree possession of a controlled dangerous substance (cocaine), N.J.S.A. 2C:35-10(a)(1); third-degree possession of a controlled dangerous substance (cocaine) with intent to distribute; N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5b(3); and fourth-degree possession of a controlled dangerous substance (marijuana) with intent to distribute; N.J.S.A. 2C:35-5a(1) and N.J.S.A.:35-5(b)(12).

The jury convicted defendant of the possession of heroin charge. It acquitted defendant on the cocaine charges and possession with intent to distribute marijuana, instead convicting him of the lesser-included disorderly-persons offense of possession of marijuana, N.J.S.A. 2C:35-10(a)(4). On January 14, 2013, the trial court sentenced defendant to time served for the marijuana offense, and to five years in prison with two and one-half years of

parole ineligibility, to run concurrent to an existing sentence for a heroin offense.

Defendant appealed his convictions and we affirmed. Id., slip op. at 1. The Supreme Court denied certification. State v. Love, 221 N.J. 119 (2015). Thereafter, defendant filed a self-represented petition for PCR on November 11, 2021. In support of his petition, he attached the State's previous motion for an extended term, a letter he authored and a brief prepared by assigned counsel. The PCR judge heard argument, denied defendant's petition in an oral decision and issued a written order.

The judge denied the petition concluding it was filed untimely pursuant to Rule 3:22-12(a)(1). The judge opined defendant "provided no excuse or explanation for his untimely filing." As such, the judge determined defendant's failure to establish excusable neglect and fundamental injustice barred his petition. The judge also denied the petition on the merits finding defendant's claim of IAC was "factually inaccurate and conclusory" and failed to satisfy either prong of Strickland.[1]

The judge also denied defendant's motion for resentencing finding it was "not an enumerated ground on which PCR relief can be provided." Moreover,

---

[1] Strickland v. Washington, 466 U.S. 668 (1984)

the judge found a number of "collateral problems in raising that argument." The judge also determined that since defendant had already completed his sentence, there was an issue as to whether the point was moot.

Concerning defendant's request to expunge his marijuana conviction, the judge found the statute calls for an expungement process only "where the defendant is convicted with only one marijuana-based offense." The judge noted the statute did not permit the relief requested because defendant was convicted of a heroin possession on the same indictment as the marijuana charge. The judge explained had defendant been convicted only on the marijuana charge, he would have been entitled to an expungement.

Defendant appeals from the PCR judge's denial of his petition raising the following points:

> POINT 1
> [DEFENDANT] IS ENTITLED TO A REMAND FOR A HEARING ON HIS MOTION FOR A REDUCED SENTENCE.
>
> POINT 2
> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING OR A REMAND ON HIS CLAIMS THAT COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO OBJECT TO THE PROSECUTOR'S IMPROPER SUMMATION AND FAILING TO INVESTIGATE AND PREPARE HIS CASE.

A-2224-22

POINT 3
[DEFENDANT] IS ENTITLED TO A HEARING ON HIS MOTION TO EXPUNGE HIS MARIJUANA CONVICTION.

POINT 4
THE PCR COURT ERRONEOUSLY RULED THAT [DEFENDANT'S] PETITION WAS TIME-BARRED BECAUSE ANY DELAY IN FILING THE PETITION WAS DUE TO THE DEFENDANT'S EXCUSABLE NEGLECT AND THERE IS A REASONABLE PROBABILITY THAT IF [] DEFENDANT'S FACTUAL ASSERTIONS WERE FOUND TO BE TRUE, ENFORCEMENT OF THE TIME BAR WOULD RESULT IN A FUNDAMENTAL INJUSTICE.

## II.

"[PCR] is New Jersey's analogue to the federal writ of habeas corpus." State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). "[PCR] provide[s] a built-in 'safeguard that ensures that a defendant [is] not unjustly convicted.'" State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)). When a PCR court does not conduct an evidentiary hearing, we review the denial of a PCR petition de novo. State v. Harris, 181 N.J. 391, 420-21 (2004); State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020).

To establish a claim of ineffective assistance of counsel (IAC), a defendant must satisfy the two-prong Strickland test: (1) "counsel made errors

so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland at 687; State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey).

A petitioner is not automatically entitled to an evidentiary hearing. State v. Porter, 216 N.J. 343, 355 (2013). Rule 3:22-10(b) provides that a defendant is entitled to an evidentiary hearing on a PCR petition only if they establish a prima facie case in support of PCR, material issues of disputed fact cannot be resolved by reference to the existing record, and an evidentiary hearing is necessary to resolve the claims for relief. Id. at 354 (quoting R. 3:22-10(b)).

III.

A.

Initially, we address defendant's contention that he is entitled to a remand for a hearing concerning his excessive sentence. We conclude this argument lacks merit. Rule 3:22-2 provides that a petition for post-conviction relief is cognizable if based on the following grounds:

> (a) substantial denial in the conviction proceedings of defendant's rights under the Federal or State Constitution; (b) lack of jurisdiction to impose the judgment; (c) imposition of sentence in excess of or otherwise not in accordance with the sentence authorized by law if raised together with other grounds

9

cognizable under paragraph (a), (b), or (d) of this rule; (d) any ground previously available as a basis for collateral attack upon a conviction by habeas corpus or any other common-law or statutory remedy; and (e) a claim of ineffective assistance of counsel based on trial counsel's failure to file a direct appeal of the judgment of conviction and sentence upon defendant's timely request.

Accordingly, we conclude the judge was correct in finding defendant's request was "not an enumerated ground on which [PCR] can be provided" under the rule. We note applications for reduction of a sentence are governed by Rule 3:21-10(b). We offer no opinion on whether defendant might be entitled to relief if and when he files a motion pursuant to that rule.

B.

Defendant next contends that the judge committed error by finding his petition was time-barred. We disagree. Under Rule 3:22-12(a)(1)(A), a first petition for PCR must be filed no

> more than [five] years after the date of entry pursuant to Rule 3:21-5 of the judgment of conviction that is being challenged unless:
>
>> (A) it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice.

[Ibid. (emphasis added).]

To establish excusable neglect, a defendant must demonstrate "more than simply providing a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). In assessing whether a defendant has demonstrated excusable neglect, a court must weigh "the extent of the delay"; "the purposes advanced by the five-year rule"; "the nature of defendant's claim[;] and the potential harm . . . realized" by defendant. State v. Murray, 162 N.J. 240, 251 (2000) (citing State v. Mitchell, 126 N.J. 565, 580 (1992)). Additionally, the court must weigh the "cause of the delay, the prejudice to the State, and the importance of the [defendant's] claim in determining whether there has been an 'injustice' sufficient to relax the time limits." Norman, 405 N.J. Super. at 159 (quoting State v. Afanador, 151 N.J. 41, 52 (1997)). "[A] misunderstanding of the meaning of [Rule 3:22-12] would not constitute 'excusable neglect . . . .'" State v. Dugan, 289 N.J. Super. 15, 22 (App. Div. 1996).

Defendant fails to proffer any reason as to why his petition was not filed in a timely manner. Defendant was sentenced on January 14, 2013 and filed this PCR petition on November 11, 2021, almost nine years after his sentencing. Defendant argues his late filing was attributed to excusable neglect but fails to

11

assert the factual basis supporting his argument. Moreover, the record before us is clear that defendant was made aware of the five-year limitation period by the trial court at sentencing.

Furthermore, defendant also failed to demonstrate the enforcement of the time bar would result in a fundamental injustice. A fundamental injustice occurs "when the judicial system has denied a defendant with fair proceedings leading to a just outcome or when inadvertent errors mistakenly impacted a determination of guilt or otherwise wrought a miscarriage of justice." State v. Hannah, 248 N.J. 148, 179 (2021). "To demonstrate a fundamental injustice, a defendant must show 'that an error or violation played a role in the determination of guilt.'" Ibid. (internal quotation marks omitted) (quoting Nash, 212 N.J. at 547). We conclude defendant has failed to proffer any factual basis to support his contention that enforcement of the time bar would constitute a miscarriage of justice.

We conclude defendant's remaining legal arguments in support of his IAC claim lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). Even if we were to address defendant's contentions, we conclude the PCR judge reached these claims and based on our de novo review, we discern no error requiring our further comment or intervention.

C.

We now turn to defendant's contention that the PCR judge erred by not expunging his conviction for possession of marijuana. We reject defendant's argument because we concur with Judge Paone's sound interpretation of the applicable statute.

N.J.S.A. 2C:52-6.1 directs the automatic expungement of any prior conviction for the obtaining or possession of marijuana, certain other marijuana offenses, and "any disorderly persons offense or petty disorderly persons offense subject to conditional discharge pursuant to N.J.S.A. 2C:36A-1." N.J.S.A. 2C:52-6.1 applies to "any case that, prior to [the] effective date, includes a conviction . . . solely for one or more crimes or offenses involving" one of the following four categories of offenses:

> [1] manufacturing, distributing, or dispensing, or possessing or having under control with intent to manufacture, distribute, or dispense, marijuana or hashish in violation of paragraph (12) of subsection b. of N.J.S.A. 2C:35-5, or [2] obtaining, possessing, using, being under the influence of, or failing to make lawful disposition of marijuana or hashish in violation of paragraph (3) or (4) of subsection a., or subsection b., or subsection c. of N.J.S.A. 2C:35-10, or [3] a violation involving marijuana or hashish as described herein and a violation of N.J.S.A. 2C:36-2 for using or possessing with intent to use drug paraphernalia with that marijuana or hashish, alone or in combination with each other, or [4] any disorderly persons offense or

13

petty disorderly persons offense subject to conditional discharge pursuant to N.J.S.A. 2C:36A-1[.] (emphasis added).

We conclude the judge correctly interpreted the statute because defendant was convicted for possession of marijuana and for possession of heroin as part of the same jury verdict from the same indictment. Although a possession of marijuana conviction may qualify for expungement under N.J.S.A. 2C:52-6.1 if it is the sole conviction, we conclude the expungement statute does not apply to the marijuana conviction here. It was not the sole conviction because there was also a conviction on the possession of heroin charge of the indictment. We determine a plain meaning reading of the statute supports Judge Paone's denial of defendant's expungement application.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2224-22